**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Manuel Jesus TORRES,**
**Defendant–Appellant.**

**No. 89–10248.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Feb. 11, 1991.

Decided July 3, 1991.

1470

Javier Chon–Lopez, Asst. Federal Public Defender, Tucson, Ariz., for defendant-appellant.

Philip G. Espinosa, Asst. U.S. Atty., Tucson, Ariz., for plaintiff-appellee.

Before TANG, SKOPIL and THOMPSON, Circuit Judges.

DAVID R. THOMPSON, Circuit Judge:

Manuel Jesus Torres appeals his conviction on two counts of aggravated sexual abuse in violation of 18 U.S.C. § 2241(c) (1988). He contends, first, that the district court erred in refusing to allow him to cross-examine the victim regarding a subsequent incident of sexual behavior with another individual; second, that the district court erred in refusing to allow him to present testimony that the victim's father had molested her two half-sisters when they were the victim's age; and third, that the district court erred in refusing to give the jury a lesser-included offense instruction on abusive sexual contact. We have jurisdiction under 28 U.S.C. § 1291 (1988) and we affirm.

## FACTS AND PROCEDURAL BACKGROUND

In early February 1988, a mother discovered the bloodstained shorts and panties of her 9–year–old daughter hidden in the back of a closet. When first questioned about the stained clothing, the girl began to cry and refused to answer. The next morning, in response to further questioning, the girl stated that Torres, who resided in the house with the girl's older sister, was responsible.

The mother then took the girl to a clinic where a pediatrician conducted a gynecological examination. The pediatrician determined that the girl's hymen had a 7 millimeter opening which was at the "upper limit of normal" for a child of that age, but consistent with the girl's account. Reporter's Transcript of Proceedings, January 25, 1989, at 76–77 (trial testimony of Dr. Wunsch) [hereinafter Reporter's Transcript]. The police were contacted, the girl was questioned, and Torres was arrested.

Torres was charged with two counts of aggravated sexual abuse involving a child under the age of twelve in violation of 18 U.S.C. § 2241(c). Count 1 charged Torres with having digitally penetrated the girl. Count 2 charged him with having or attempting to have sexual intercourse with the girl. Because these alleged acts took place on an Indian reservation and both Torres and the girl are American Indians, exclusive federal jurisdiction was invoked under the Major Crimes Act, 18 U.S.C. § 1153 (1988).

A first trial ended in a mistrial when the jury was unable to reach a verdict. At the second trial, the girl testified that she was alone in the living room of her home watching television with Torres when he unbuttoned her shorts and pulled them down. She then testified that "he stuck his finger up in my private spot" between her legs. The girl stated that Torres then unbuttoned his pants, got on top of her, and "stuck his private spot in mine," causing her pain. According to the girl, Torres remained on top of her "for a while" and then stood up to respond to the honking of an automobile horn outside the home. The girl testified that Torres told her not to tell anyone what had occurred. She stated that she later discovered blood on her shorts and panties and hid them in a closet out of fear.

Torres testified on his own behalf and offered a completely exculpatory version of events. The pediatrician who had examined the girl also testified. She stated that the condition of the girl's hymen was "consistent with penetration[, but] ... consistent with no penetration too." Reporter's Transcript, at 77. A criminologist testified that the girl's panties tested positively for the presence of semen, although DNA tests for the identity of the donor proved inconclusive.

A jury found Torres guilty on both counts of aggravated sexual abuse. Torres was sentenced to 175 months on each count, to be served concurrently. He was also sentenced to a five-year term of supervised release.

## DISCUSSION

A. Subsequent Sexual Behavior with Another Person

In August 1988, approximately six months after the acts that form the basis for this criminal prosecution, the victim's sisters discovered her alone in a room with a 17–year–old juvenile male with her panties pulled down. At a pretrial suppression hearing, Torres argued that he should be allowed to cross-examine the victim about this incident. The district court refused the request on the ground that the evidence was irrelevant and lacked probative value.[1]

Torres contends this cross-examination should have been allowed under exceptions to the exclusionary force of Federal Rule of Evidence 412, the Federal Rape Shield

---

1. The district court stated, however, that the defense could ask the girl the following question: "Did you have a sexual experience with someone else on or about the same time as you claim to have had with the defendant?" Reporter's Transcript, at 9.

Law.[2]  He argues that the district court's ruling violated his rights under the confrontation clause, that the cross-examination was relevant to show he was not the source of the semen found on the victim's panties, and that the proffered cross-examination should have been permitted to assist the jury in evaluating the victim's credibility.

Under Federal Rule of Evidence 412, reputation or opinion evidence of past sexual behavior of a victim is not admissible.  Fed. R.Evid. 412(a).  Evidence of a victim's past sexual behavior, other than reputation or opinion evidence, is admissible under limited circumstances.  *See* Fed.R.Evid. 412(b)(1), (b)(2)(A), (b)(2)(B).

■ "Past sexual behavior" is defined as "sexual behavior other than the sexual behavior with respect to which an offense under chapter 109A of title 18, United States Code is alleged."  Fed.R.Evid. 412(d).  This definition has been read broadly.  "Rule 412(d) defines 'past sexual behavior' to include all sexual conduct other than the rape or assault that is in issue.  Hence, the rule embraces all sexual conduct of the victim."  23 C. Wright & K. Graham, Federal Practice and Procedure: Evidence § 5384, at 541 (footnotes omitted) (1980); *see also People v. Stull,* 127 Mich. App. 14, 17, 338 N.W.2d 403, 405 (1983) (holding that "prior" in similar state statute meant prior to trial); Haxton, Rape Shield Statutes: Constitutional Despite Un-

constitutional Exclusions of Evidence, 1985 Wis.L.Rev. 1219, 1227 (1985) ("prior" could mean prior to assault or prior to trial with latter being better interpretation).  This broad interpretation is supported by the logic that

> [s]ince as a practical matter one cannot prove future conduct by use of specific instances and it is hard to see the relevance of expert predictions of future sexual behavior, the only way to interpret "past" so as to give it any significance is to say that it means conduct of the victim [prior to the rape as well as] subsequent to the rape but prior to trial.

23 C. Wright & K. Graham, Federal Practice and Procedure: Evidence § 5384, at 541 n. 24 (1980).

We conclude that the term "past sexual behavior" as used in Fed.R.Evid. 412 includes all sexual behavior of the victim of an alleged sexual assault which precedes the date of the trial.  This conclusion is in accord with the avowed purposes of the rule which are "to protect rape victims from the degrading and embarrassing disclosure of intimate details about their private lives", 124 Cong.Rec.H. 11944 (daily ed. Oct. 10, 1978) (statement of Rep. Mann), to encourage reporting of sexual assaults, and to prevent wasting time on distractive collateral and irrelevant matters.  *See Jeffries v. Nix,* 912 F.2d 982, 986 (8th Cir. 1990), *cert. denied,* —— U.S. ——, 111 S.Ct. 1327, 113 L.Ed.2d 259 (1991);  *United*

---

**2.**  Fed.R.Evid. 412 provides in relevant part:

(a) Notwithstanding any other provision of law, in a criminal case in which a person is accused of an offense under chapter 109A of title 18, United States Code, reputation or opinion evidence of the past sexual behavior of an alleged victim of such offense is not admissible.

(b) Notwithstanding any other provision of law, in a criminal case in which a person is accused of an offense under chapter 109A of title 18, United States Code, evidence of a victim's past sexual behavior other than reputation or opinion evidence is also not admissible, unless such evidence other than reputation or opinion evidence is—

(1) admitted in accordance with subdivisions (c)(1) and (c)(2) and is constitutionally required to be admitted; or

(2) admitted in accordance with subdivision (c) and is evidence of—

(A) past sexual behavior with persons other than the accused, offered by the accused upon the issue of whether the accused was or was not, with respect to the alleged victim, the source of the semen or injury;

   .        .      .           .

(c)(3) If the court determines on the basis of the hearing described in paragraph (2) that the evidence which the accused seeks to offer is relevant and that the probative value of such evidence outweighs the danger of unfair prejudice, such evidence shall be admissible in the trial to the extent an order made by the court specifies evidence which may be offered and areas with respect to which the alleged victim may be examined or cross-examined.

(d) For purposes of this rule, the term "past sexual behavior" means sexual behavior other than the sexual behavior with respect to which an offense under chapter 109A of title 18, United States Code is alleged.

States v. Duncan, *855 F.2d 1528, 1533 (11th Cir.1988)*, cert. denied, *489 U.S. 1029, 109 S.Ct. 1161, 103 L.Ed.2d 220 (1989)*.

The evidence Torres sought to elicit by cross-examination of the victim was evidence of "past sexual behavior" within the meaning of Rule 412. Such evidence is admissible in three limited circumstances. First, such evidence is admissible where constitutionally required. Fed.R.Evid. 412(b)(1). Second, evidence of past sexual behavior with persons other than the defendant is admissible where it goes to the issue of the source of the semen or injury and the district court determines it is relevant and has probative value that outweighs the danger of unfair prejudice. Fed.R.Evid. 412(b)(2)(A) and 412(c)(3). Third, evidence of the victim's past sexual behavior with the defendant is admissible where it goes to the issue of consent and the district court determines that it is relevant and has probative value that outweighs the danger of unfair prejudice. Fed.R.Evid. 412(b)(2)(B), (c)(3). This last exception is not applicable in this case because the excluded evidence did not involve past sexual behavior with the defendant and the victim was too young to give a valid consent in any event. Therefore, we consider only the first two exceptions of Rule 412.

1. Constitutional Right to Confront Witnesses

■ The right to cross-examination is grounded in the sixth amendment.

The Confrontation Clause of the Sixth Amendment guarantees the right of an accused in a criminal prosecution "to be confronted with the witnesses against him." [This] right ... "means more than being allowed to confront the witness physically." ... Indeed, " '[t]he main and essential purpose of confrontation is *to secure for the opponent the opportunity of cross-examination.*' "

*Delaware v. Van Arsdall*, 475 U.S. 673, 678, 106 S.Ct. 1431, 1435, 89 L.Ed.2d 674 (1986) (quoting *Davis v. Alaska*, 415 U.S. 308, 315–16, 94 S.Ct. 1105, 1109–10, 39 L.Ed.2d 347 (1974)) (emphasis in original)

(citation omitted). *See also Chambers v. Mississippi*, 410 U.S. 284, 295, 93 S.Ct. 1038, 1045, 35 L.Ed.2d 297 (1973) ("The right of cross-examination is more than a desirable rule of trial procedure. It is implicit in the constitutional right of confrontation, and helps assure the 'accuracy of the truth-determining process.' ").

The right to cross-examination, however, is not unlimited. *Van Arsdall*, 475 U.S. at 679, 106 S.Ct. at 1435; *Chambers*, 410 U.S. at 295, 93 S.Ct. at 1045. "[T]rial judges retain wide latitude insofar as the Confrontation clause is concerned to impose reasonable limits on such cross-examination based on concerns about, among other things, harassment, prejudice, confusion of the issues, the witness' safety, or interrogation that is repetitive or only marginally relevant." *Van Arsdall*, 475 U.S. at 679, 106 S.Ct. at 1435; *see also Chambers*, 410 U.S. at 295, 93 S.Ct. at 1045. We have held that "[a] defendant does not enjoy unrestricted latitude in the cross-examination of adverse witnesses. He is limited to issues relevant to the trial, and it is within the broad discretion of the trial court to determine which issues are relevant." *United States v. Kennedy*, 714 F.2d 968, 973 (9th Cir. 1983), *cert. denied*, 465 U.S. 1034, 104 S.Ct. 1305, 79 L.Ed.2d 704 (1984).

Here, the incident with the 17–year–old juvenile occurred some six months after the acts for which Torres was being tried. The district court determined that this evidence was irrelevant. It did not abuse its discretion by this ruling.

2. Source of the Semen

■ Torres argues that the evidence of the incident with the 17–year–old was relevant to the issue of the source of the semen found on the victim's panties. We disagree. The "source of the semen" exception in Fed.R.Evid. 412(b)(2)(A) is designed to permit evidence of sexual behavior which would tend to show that another individual was the donor of the semen found. The sexual behavior, however, must have occurred within a reasonable time of the alleged rape. *See United States v. Shaw*, 824 F.2d 601, 607 (8th

Cir.1987) ("evidence of past sexual behavior to prove the 'source of the semen' would ... be limited to sexual activity occurring a short time, probably a few days, before the alleged rape."), *cert. denied,* 484 U.S. 1068, 108 S.Ct. 1033, 98 L.Ed.2d 997 (1988); *cf. United States v. Eagle Thunder,* 893 F.2d 950, 954 (8th Cir.1990) (deviation from restraints of Rule 412 allowed only where evidence establishes injury sustained reasonably close in time to alleged rape.); *United States v. Azure,* 845 F.2d 1503, 1505–06 (8th Cir.1988) (same).

■ The acts of aggravated sexual abuse Torres was accused of committing took place and were reported to the police in February 1988. The panties on which the semen was found have been in police custody ever since. As previously noted, the incident with the 17–year–old juvenile took place in August 1988. This evidence had no relevance to the source of the semen found on the victim's panties.

3. Child's Familiarity with Sexual Terminology

■ Torres also contends that by precluding the evidence about the victim's sexual behavior with the 17–year–old juvenile, the court unfairly bolstered the victim's credibility as a witness. Torres argues this evidence would have established a plausible alternative source for the victim's familiarity with sex and sexual terminology at such a young age.

We need not decide whether such evidence might be admissible in a proper case. Here, the victim's testimony did not demonstrate any unusual knowledge of sexual techniques or nomenclature. Rather, her testimony was replete with simple references to "private spot," "private parts" and "private places." *Cf. Commonwealth v. Rathburn,* 26 Mass.App.Ct. 699, 707, 532 N.E.2d 691, 696 (1988) (evidence of past sexual conduct not admissible where child does not display "knowledge of sexual matters beyond his or her years").

B. Excluded Testimony of Half–Sisters' Alleged Molestation

■ Torres contends his sixth amendment right to present a complete defense was denied by the district court's preclusion of testimony regarding the victim's natural father's alleged prior molestation and attempted molestation of the victim's half-sisters. Torres wanted to call his girlfriend, the victim's 19–year–old half-sister, to testify that the victim's father had attempted to molest her when she was the victim's age and that the father had succeeded in molesting another half-sister. Both events allegedly occurred eight to ten years previously. The trial court excluded this testimony on the ground that it raised collateral issues and was too remote to be probative.

While the district court has broad discretion to determine whether evidence is relevant, this discretion "is limited by the [defendant's] due process rights to present a defense and his Sixth Amendment right of confrontation." *United States v. Whitman,* 771 F.2d 1348, 1351 (9th Cir.1985).

The right to offer the testimony of witnesses ... is in plain terms the right to present a defense, the right to present the defendant's version of the facts as well as the prosecution's to the jury so it may decide where the truth lies. Just as an accused has the right to confront the prosecution's witnesses for the purpose of challenging their testimony, he has the right to present his own witnesses to establish a defense. This right is a fundamental element of due process of law.

*Washington v. Texas,* 388 U.S. 14, 19, 87 S.Ct. 1920, 1923, 18 L.Ed.2d 1019 (1967); *see also Chambers,* 410 U.S. at 294, 93 S.Ct. at 1045 ("The right of an accused in a criminal trial to due process is, in essence, the right to a fair opportunity to defend against the State's accusations. The right[ ] to ... call witnesses in one's own behalf [has] long been recognized as essential to due process"). However, the right to present evidence is not absolute and may have to "bow to accommodate other legitimate interests in the criminal trial process." *Chambers,* 410 U.S. at 295, 93 S.Ct. at 1046; *see also Perry v. Rushen,* 713 F.2d 1447, 1450 (9th Cir.1983), *cert. denied,*

469 U.S. 838, 105 S.Ct. 137, 83 L.Ed.2d 77 (1984).

Here, there was the possibility of undue diversion of the trial by injection of a collateral issue—namely whether the victim's father had abused or attempted to abuse the victim's half-sisters. The government was prepared to present evidence that the alleged molestation never occurred, that the victim's mother was unaware of any instance of improper or untoward behavior by the victim's father, and that the 19–year–old half-sister first mentioned the alleged molestation only after Torres was arrested. The introduction of the half-sister's testimony would have prompted a mini-trial on the issue.

There also was "[t]he danger of unsupported jury speculation [that] follows from the injection of collateral issues into the trial." *Perry*, 713 F.2d at 1453. As we have stated, "[t]he jury is the proper body to weigh conflicting inferences of fact, but there clearly is some point at which evidence may be so lacking in probity and so productive of confusion that it may constitutionally be excluded." *Id.* at 1454–55. This is such a case.

We conclude that Torres' proffered evidence of the victim's father's alleged molestation of the victim's half-sisters some eight to ten years earlier was so collateral and lacking in probity that its exclusion did not violate the sixth amendment.

## C. Lesser–Included Offense Instruction

Torres was charged with two separate counts of aggravated sexual abuse of a child under twelve years of age in violation of 18 U.S.C. § 2241(c).[3] In Count 1 of the indictment it is alleged that Torres digitally penetrated the child. In Count 2 of the indictment it is alleged that Torres had or attempted to have sexual intercourse with the child. Torres argues that he was entitled to a jury instruction on abusive sexual contact in violation of 18 U.S.C. § 2244[4] because, he contends, abusive sexual contact is a lesser-included offense within the charges of aggravated sexual abuse under 18 U.S.C. § 2241(c) as alleged in Counts 1 and 2 of the indictment. He's partly correct.

Federal Rule of Criminal Procedure 31(c) provides that a "defendant may be found guilty of an offense necessarily included in the offense charged...."[5] Although the lesser-included offense instruction rule originally developed to aid the prosecution in cases in which its proof failed to establish all the elements of the charged offense, it is now settled that a defendant has a procedural right to a lesser-included offense instruction in an appropriate circumstance. *United States v.*

**3.** 18 U.S.C. § 2241(c) provides in relevant part: Whoever, in the special maritime and territorial jurisdiction of the United States ..., knowingly engages in a sexual act with another person who has not attained the age of 12 years, or attempts to do so, shall be fined under this title, imprisoned for any term of years or life, or both.
The term "sexual act" is defined in relevant part in 18 U.S.C. § 2245(2) as:
(A) contact between the penis and the vulva or the penis and the anus, and for purposes of this subparagraph contact involving the penis occurs upon penetration, however slight;

(C) the penetration, however slight, of the anal or genital opening of another by a hand or finger or by any object, with an intent to abuse, humiliate, harass, degrade, or arouse or gratify the sexual desire of any person....

**4.** 18 U.S.C. § 2244(a) provides in relevant part: Whoever, in the special maritime and territorial jurisdiction of the United States ...,

knowingly engages in or causes sexual contact with or by another person, if so to do would violate—
(1) section 2241 of this title had the sexual contact been a sexual act, shall be fined under this title, imprisoned not more than ten years, or both....
Sexual contact is defined in 18 U.S.C. § 2245(3) in relevant part as:
the intentional touching, either directly or through the clothing, of the genitalia, anus, groin, breast, inner thigh, or buttocks of any person with an intent to abuse, humiliate, harass, degrade, or arouse or gratify the sexual desire of any person....

**5.** The terms "lesser included" and "necessarily included" are used interchangeably by most courts and Rule 31(c) encompasses both. *See United States v. Johnson*, 637 F.2d 1224, 1233 n. 12 (9th Cir.1980); *Olais–Castro v. United States*, 416 F.2d 1155, 1157 (9th Cir.1969).

*Crutchfield,* 547 F.2d 496, 499 (9th Cir. 1977). The concern is that a jury may convict a defendant of the crime charged, even though the prosecution may not have proved all of its elements, in a case where the jury believes the defendant committed some lesser crime but is faced with the limited alternative of either convicting the defendant of the crime charged or setting him free. In such a case, it is likely the jury will "fail to give full effect to the reasonable doubt standard [and, instead,] resolv[e] its doubts in favor of conviction." *Schmuck v. United States,* 489 U.S. 705, 717 n. 9, 109 S.Ct. 1443, 1451 n. 9, 103 L.Ed.2d 734 (1989) (citing *Keeble v. United States,* 412 U.S. 205, 212–13, 93 S.Ct. 1993, 1997–98, 36 L.Ed.2d 844 (1973)).

But this does not mean that a defendant is automatically entitled to a lesser-included offense instruction. Rather, "[a] lesser-included offense instruction is only proper where the charged greater offense requires the jury to find a disputed factual element which is not required for conviction of the lesser-included offense", *Sansone v. United States,* 380 U.S. 343, 350, 85 S.Ct. 1004, 1009, 13 L.Ed.2d 882 (1965), and "the evidence would permit [the] jury rationally to find [the defendant] guilty of the lesser offense and acquit him of the greater." *Keeble,* 412 U.S. at 208, 93 S.Ct. at 1995. Thus, the test for establishing entitlement to a lesser-included offense instruction contains two elements: "first, that the offense on which the instruction is sought is a lesser-included offense in the offense charged, and second, that the jury could rationally conclude that the defendant was guilty of the lesser but not the greater offense." *Crutchfield,* 547 F.2d at 500. We review the first step of the inquiry de novo. *See United States v. Sneezer,* 900 F.2d 177, 178 (9th Cir.1990). We review the second step for an abuse of discretion. *See United States v. Wagner,* 834 F.2d 1474, 1487 (9th Cir.1987).

In *Schmuck,* 489 U.S. at 716, 109 S.Ct. at 1450, the Supreme Court adopted the elements test for determining if one offense is "necessarily included" in another. Under this approach, "one offense is not 'necessarily included' in another unless the elements of the lesser offense are a subset of the elements of the charged offense. Where the lesser offense requires an element not required for the greater offense, no instruction is to be given under Rule 31(c)." *Id.*

1. Count 1 (Aggravated Sexual Abuse with Children—Digital Penetration)

██ Aggravated sexual abuse under 18 U.S.C. § 2241(c) is defined as "knowingly engag[ing] in a sexual act with another person who has not attained the age of 12 years...." The term "sexual act" as it pertains to Count 1 is defined in 18 U.S.C. § 2245(2)(C) as "the penetration, however slight, of the anal or genital opening of another by a hand or finger or by any object, with an intent to abuse, humiliate, harass, degrade, or arouse or gratify the sexual desire of any person...." The elements of this kind of "sexual act," therefore, are (a) penetration, (b) of the anal or genital opening of another, (c) by a hand, finger or any object, (d) with a specific intent.

Abusive sexual contact under 18 U.S.C. § 2244(a)(1) is defined as "knowingly engag[ing] in or caus[ing] sexual contact with or by another person, if so to do would violate ... section 2241 of this title had the sexual contact been a sexual act...." "Sexual contact" is defined as "the intentional touching, either directly or through the clothing, of the genitalia, anus, groin, breast, inner thigh, or buttocks of any person with an intent to abuse, humiliate, harass, degrade, or arouse or gratify the sexual desire of any person...." 18 U.S.C. § 2245(3). Hence, the essential elements of "sexual contact" are (a) the intentional touching, (b) of the genitalia, anus, groin, breast, inner thigh, or buttocks of any other person, (c) with the specified intent.

When the charged offense is aggravated sexual abuse by digital penetration under 18 U.S.C. § 2241(c), abusive sexual contact is a lesser-included offense. *See United States v. Demarrias,* 876 F.2d 674, 676–77 (8th Cir.1989). In such a case, "the elements of the lesser offense are a subset of the elements of the charged offense."

*Schmuck,* 489 U.S. at 716, 109 S.Ct. at 1450.

This does not conflict with our decision in *United States v. Sneezer,* 900 F.2d 177, 179 (9th Cir.1990). In *Sneezer,* the jury was instructed on attempted aggravated sexual abuse. The defendant requested an additional jury instruction on abusive sexual contact. *Id.* at 178. The district court refused to give such an instruction and the defendant appealed. *Id.* We affirmed, holding that "abusive sexual contact requires a specific intent not required for attempted sexual abuse and attempted aggravated sexual abuse. Therefore, abusive sexual contact is not a lesser-included offense of those crimes." *Id.* at 179. In *Sneezer,* the sexual act alleged was attempted penile contact under 18 U.S.C. § 2245(2)(A), which does not require a specific intent. *Id.* at 178–79. Here by contrast, the act alleged in Count 1 was digital penetration under 18 U.S.C. § 2245(2)(C). This requires the identical specific intent as does abusive sexual contact. *Compare* 18 U.S.C. § 2245(2)(C) with 18 U.S.C. § 2245(3). Thus, *Sneezer* is inapposite when the charged offense is aggravated sexual abuse by digital penetration under 18 U.S.C. § 2241(c).

■ Our conclusion that abusive sexual contact is a lesser-included offense of aggravated sexual abuse where the "sexual act" of the greater charge falls under section 2245(2)(C) (digital penetration) does not end our inquiry. The question remains whether a disputed factual element exists which would have permitted a rational jury to find Torres guilty of the lesser-included offense of abusive sexual contact under 18 U.S.C. § 2244(a)(1) and acquit him of the charged offense in Count 1 of aggravated sexual abuse by digital penetration under 18 U.S.C. § 2241(c).

An element of aggravated sexual abuse (as charged in Count 1) which makes it the greater offense and sets it apart from the lesser-included offense of abusive sexual contact is "penetration, however slight." 18 U.S.C. § 2245(2)(C). Our focus, therefore, is on penetration.

Torres' defense was wholly exculpatory. Nevertheless, his proffered lesser-included offense instruction should have been given "if the ... evidence provide[d] a 'rational basis' for the jury's finding the defendant guilty of a lesser offense." *United States v. Payne,* 805 F.2d 1062, 1067 (D.C.Cir. 1986) (quoting *United States v. Thornton,* 746 F.2d 39, 48 (D.C.Cir.1984)).

Here, the record is devoid of any evidence that would suggest Torres might have only fondled or touched the victim without penetration. Of all the evidence presented, only the victim's testimony addressed the issue of digital penetration. She testified that Torres "stuck his finger up in my private part." Reporter's Transcript, at 111 (testimony of the victim). By its guilty verdict on Count 1, the jury necessarily credited this testimony. Believing the victim and thereby rejecting the defendant's exculpatory evidence that he had no sexual contact with the victim at all, the jury could not rationally have concluded Torres engaged in abusive sexual contact without digital penetration. Therefore, a rational jury could not have convicted Torres of the lesser-included offense of abusive sexual contact and acquitted him of the greater offense of aggravated sexual abuse by digital penetration.

### 2. Count 2 (Aggravated Sexual Abuse with Children—Sexual Intercourse)

■ The relevant definition of "sexual act" applicable to the kind of aggravated sexual abuse charged in Count 2 is "contact between the penis and the vulva ... [with] contact involving the penis occur[ring] upon penetration, however slight...." 18 U.S.C. § 2245(2)(A).

Abusive sexual contact, on the other hand, requires evidence of "sexual contact" defined as "the intentional touching ... of the genitalia ... of any person *with an intent* to abuse, humiliate, harass, degrade, or arouse or gratify the sexual desire of any person...." 18 U.S.C. § 2245(3) (emphasis added). Thus, under *Sneezer,* 900 F.2d at 179, "abusive sexual contact requires a specific intent not required for ... [the kind of] aggravated

sexual abuse [charged in Count 2]. Therefore, abusive sexual contact [in this context] is not a lesser-included offense of [aggravated sexual abuse]....'' *Contra Demarrias*, 876 F.2d at 676–77 (abusive sexual contact lesser-included offense of aggravated sexual abuse because 18 U.S.C. § 2245(2)(A) (penile contact) needs no explicit intent element as intent implied from nature of contact).

AFFIRMED.