956 F.2d 1168
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Rudolph R. NORDQUEST, Defendant-Appellant.
 No. 91-30056.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 26, 1992*
Decided March 4, 1992.
As Amended May 26, 1992.
 
 Before CANBY, WILLIAM A. NORRIS and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Rudolph R. Nordquest appeals his conviction at jury trial for three counts of armed bank robbery, in violation of 18 U.S.C. § 2113(a) and (d), and three counts of knowingly using and carrying a firearm during the commission of a crime of violence, in violation of 18 U.S.C. § 924(c). Nordquest contends that the district court erred by (1) failing to give a lesser-included offense instruction of unarmed bank robbery, and (2) excluding exculpatory testimony as inadmissible hearsay. We have jurisdiction under 28 U.S.C. § 1291 and we reverse.
 
 I. Lesser-Included Offense
 
 3
 Nordquest contends that the district court erred by refusing to give a lesser-included offense instruction on unarmed bank robbery because the jury could rationally have found him guilty of that crime. This contention is without merit.
 
 
 4
 In this instance, we review for abuse of discretion a district court's refusal to give a lesser-included offense instruction. United States v. Torres, 937 F.2d 1469, 1476 (9th Cir.1991), cert. denied, 60 U.S.L.W. 3478 (U.S. Jan. 13, 1992) (No. 91-6007).[1]
 
 
 5
 A criminal " 'defendant may be found guilty of an offense necessarily included in the offense charged....' " Id., 937 F.2d at 1475 (quoting Fed.R.Crim.P. 31(c)). Although a defendant is not automatically entitled to a lesser-included offense instruction, he does have a procedural right to that instruction when the circumstances are appropriate. Id. at 1475-76. When determining if a lesser-included offense instruction was properly refused, we consider "[whether] the jury could rationally conclude that the defendant was guilty of the lesser but not the greater offense." Id. at 1476.
 
 
 6
 Nordquest was convicted of robbing three banks: (1) Pacific First Federal Savings Bank ("Pacific First") in Seattle, Washington on February 22, 1990; (2) United States Bank ("U.S. Bank") in Kirkland, Washington, on March 6, 1990; and (3) Security Pacific Bank ("Security Pacific") in Lynwood, Washington on March 16, 1990. At trial, James Miller testified that Nordquest confessed the Pacific First robbery to him and that he committed the latter two with Nordquest.
 
 
 7
 According to Miller, Nordquest told him that: (1) he robbed Pacific First with an individual named Jack Scherbinske; (2) he entered the bank wearing a dirty ski mask, carried a gun and demanded money; and (3) he escaped in a truck driven by Scherbinske. Miller's testimony was corroborated by Scherbinske's live-in girlfriend, Barbara Yates. Yates testified that prior to the robbery, Nordquest came to the apartment she shared with Scherbinske, stated he needed a gun, and then left the apartment with Scherbinske in Scherbinske's truck. When the two men returned, Nordquest entered the apartment carrying a brown paper bag from which he poured money all over the floor. Nordquest told Yates he entered the bank wearing a dirty knit cap with eyeholes cut out and carried a gun. Pacific First employees and customers testified that a man wearing a dirty ski mask with eyeholes and carrying a gun and paper bag robbed the bank. Miller also testified that Nordquest purchased a Cadillac with $3,000 in cash two days after robbing Pacific. According to Miller, Nordquest stated that the money came from the bank he robbed with Scherbinske.[2]
 
 
 8
 Miller testified that he robbed U.S. Bank with Nordquest. Miller stated that he and Nordquest drove in Nordquest's Cadillac to the bank. Miller entered and robbed the bank while brandishing the same gun that Nordquest had used to rob Pacific First. Afterward, Nordquest picked him up at a prearranged point and they drove away. According to Miller, Nordquest purchased a new engine for his Cadillac following this robbery.[3]
 
 
 9
 Finally, Miller testified that he also robbed Security Pacific with Nordquest. Miller stated that he and Nordquest wore masks and gloves when they entered the bank. Miller waved a gun in the air while Nordquest demanded money. They escaped in an orange Mustang stolen prior to the robbery but were spotted and pursued by a police officer. The officer followed them to a bowling alley parking lot where they attempted to jump in Nordquest's Cadillac but were thwarted by the officer's pursuit. They then drove across the street to a hospital parking lot where they abandoned the Mustang and fled on foot through a nearby wooded area. Upon exiting the woods they were arrested. Miller At trial, Nordquest's defense was wholly exculpatory. He denied any involvement in the Pacific First and U.S. Bank robberies. Nordquest maintained that another individual named Brent, who looked and dressed just like him, robbed Security Pacific First with Miller. Allegedly, Brent managed to escape through the woods. Nordquest provided no alibi with regard to the other two robberies.
 
 
 10
 The record is devoid of any evidence that would suggest that Nordquest committed unarmed bank robbery. Miller testified that he and Nordquest used a gun when robbing U.S. Bank and Security Pacific. Yates corroborated Miller's testimony that Nordquest used a gun when robbing Pacific. The jury could not have rationally have concluded that Nordquest robbed the banks but did not use a gun. See Torres, 937 F.2d at 1477. Thus, the district court did not abuse its discretion by refusing to give the lesser-included instruction of unarmed bank robbery. See Torres, 937 F.2d at 1478.
 
 II. Hearsay
 
 11
 Nordquest contends that the district court erred by excluding testimony in which he directly quoted or wanted to quote Miller's alleged statements concerning ownership of the Cadillac and the plan to rob Security Pacific. Nordquest argues that the statements were offered to show his knowledge and intent and to refute the government's charge that he owned the Cadillac and knowingly participated in the Security robbery. This contention has merit.
 
 
 12
 We review for abuse of discretion a district court's decision to exclude alleged hearsay evidence. United States v. Kirk, 844 F.2d 660 (9th Cir.), cert. denied 488 U.S. 890 (1988); United States v. Tafollo-Cardenas, 897 F.2d 976, 979 (9th Cir.1990).
 
 
 13
 " 'Hearsay' is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Fed.R. except as "provided by the Federal Rules of Evidence." Tafollo-Cardenas, 897 F.2d at 979. A statement is not hearsay when offered "to demonstrate the effect the statement had on the hearer." Kirk, 844 F.2d at 663.
 
 
 14
 The alleged statements in this case were made by Miller, not Nordquest. Establishing the effect of Miller's statements on the state of mind of Nordquest is a nonhearsay use of the statements, and the statements could have been admitted absent some other objection. See id. The significance of the proffered testimony to Nordquest's case is clear. Nordquest's knowledge of the alleged bank robberies was critical to the jury's determination of guilt or innocence. Nordquest was entitled to the unburdened admission of the proffered testimony. Therefore, the district court abused its discretion in excluding the testimony on hearsay grounds. See Fed.R.Evid. 801(c).
 
 
 15
 REVERSED AND REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, we deny appellant's request for oral argument
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Torres sets out a two-part test for establishing the propriety of a lesser-included offense instruction. The first part, determining whether "the offense on which the instruction is sought is a lesser-included offense in the offense charged," is reviewed de novo. Torres, 937 F.2d at 1476. However, neither party disputes that unarmed bank robber is a lesser-included offense of armed bank robbery. See id
 
 
 [2]
 Yates testified that Nordquest's share of the money was approximately $5,000 dollars
 
 
 [3]
 Miller testified that they netted approximately $1,600 dollars in the robbery. A receipt introduced into evidence showed that Nordquest paid $844.80 for the engine