981 F.2d 1260
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Stewart GIA, Defendant-Appellant.
 No. 92-10191.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 18, 1992.*
Decided Dec. 28, 1992.
 
 Before HUG, PREGERSON and WIGGINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Stewart Gia, an Indian, was convicted of five counts of aggravated sexual abuse of an Indian child in Indian country, in violation of 18 U.S.C. §§ 1153 (offenses committed within Indian country) and 2241(c) (sexual acts with persons under twelve years of age). His convictions stemmed from sexual assaults committed on I.L. ("L."), an Indian girl who was 10 and 11 years of age at the time of the assaults. On appeal, Gia claims that the district court made improper comments during voir dire, that the court should have granted Gia's motion for judgment of acquittal, and that his Sixth Amendment right to confront his accuser was violated because the district court did not allow him to examine L. regarding her sexual history. We reject each of these arguments and affirm Gia's convictions.
 
 JURISDICTION
 
 3
 The district court had jurisdiction pursuant to 18 U.S.C. § 3231. This court has jurisdiction pursuant to 28 U.S.C. § 1291 based on Gia's filing of a timely appeal.
 
 BACKGROUND
 
 4
 Stewart Gia is a Yavapai Apache Indian. His victim, L., is a River Verde Indian. In June of 1991, Gia confessed that he had sexually assaulted L. on the following dates: July 4, 1990; September, 1990; October 31, 1990; March, 1991; and April, 1991. The five counts of aggravated sexual abuse on which he was convicted correspond to these dates. At the time of the assaults, Gia was the live-in boyfriend of L.'s mother.
 
 
 5
 At trial, the government presented the testimony of L., of L.'s mother, and of the doctor who examined L. The doctor testified that L.'s hymen was not intact and that she was infected with trichomoniasis vaginalis, a sexually transmitted disease that is passed only by sexual intercourse and insemination. L. testified that Gia assaulted her every few weeks by putting his penis in her "private parts" and ejaculating. L.'s mother testified that Gia was her boyfriend and that during this time she also developed trichomoniasis vaginalis. The government presented Gia's confession through the testimony of an FBI agent.
 
 
 6
 Gia's counsel wanted to cross examine L. regarding her sexual history. Specifically, he wanted to question her regarding whether a man named Alfredo could have caused L.'s infection. Before trial, the government had indicated to Gia's counsel that a man named Alfredo had previously molested L. with his hand. Gia's counsel also wanted to question L. regarding whether her father had sexually assaulted her. At the time of Gia's assault, L.'s father was in prison, where he had been for six or seven years because of a child molestation conviction. The district court denied Gia's request to cross examine L. on these issues.
 
 DISCUSSION
 
 7
 I. The District Court's Comment to the Jury during Voir Dire did not Constitute Error.
 
 
 8
 Gia objects to the district court's statement during voir dire that the evidence would "reasonably show, or is expected to show" that Gia and L. were Indians. Gia claims that this comment "effectively removed" from the jury the responsibility of determining whether Gia was an Indian, a jurisdictional requirement under 18 U.S.C. § 1153.
 
 
 9
 Gia did not object to the district court's comment at trial. Accordingly, the district court's alleged misconduct is reviewed for plain error. United States v. Sanchez-Lopez, 879 F.2d 541, 551 (9th Cir.1989). "A plain error is a highly prejudicial error affecting substantial rights." United States v. Dischner, 974 F.2d 1502, 1515 (9th Cir.1992) (citation omitted). The district court's comment was not plain error; if it was error at all, it was harmless.
 
 
 10
 The district court made the comment in the context of explaining to the prospective jurors that the reason Gia's case was in federal court was because he is an Indian. Immediately following the court's alleged improper statement, the court asked the potential jurors whether they were in any way affected by the fact that the Gia and the victim were Indians. Following this question, the court clarified that the "jury will have to decide whether [Gia and L. are] members of the tribe or if the acts occurred [on the reservation]." Moreover, at the end of trial the court instructed the jury that to convict Gia, they had to specifically find beyond a reasonable doubt that Gia was an Indian. Any misunderstanding regarding the jury's role was removed by these subsequent instructions.
 
 
 11
 II. Sufficient Evidence Supported the District Court's Denial of Gia's Motion for Acquittal.
 
 
 12
 Gia contends that the evidence was not sufficient to establish the specific dates of his assault on L. and that his confession was incorrectly used to establish the dates of all five counts. We review the district court's denial of a motion for acquittal in the same manner as a challenge to the sufficiency of the evidence. United States v. Shirley, 884 F.2d 1130, 1134 (9th Cir.1989). Consequently, we review the evidence presented against Gia in the light most favorable to the government to determine whether "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Id. (citations omitted). Based on Gia's confession and L.'s testimony, we conclude that a rational juror could have found that Gia assaulted L. on the five dates alleged in the indictment.
 
 
 13
 Gia correctly asserts that his confession alone could not be used to establish that he assaulted L. on five different dates. The government had to introduce independent evidence to establish that the "criminal conduct at the core of the offense" occurred. See United States v. Lopez-Alvarez, 970 F.2d 583, 592 (9th Cir.), cert. denied, 113 S.Ct. 504 (1992). The government satisfied this burden.
 
 
 14
 Gia's assertion that no independent evidence was presented of the dates of the assaults is incorrect. L. specifically testified that Gia sexually assaulted her during the months of July, 1990; September, 1990; and April, 1991. This testimony is independent evidence that expressly supports Counts 1, 2, and 5. Although she testified regarding Counts 3 and 4 that she did not remember whether Gia assaulted her during the months of October, 1990 and March, 1991, L. did testify that Gia had sexual intercourse with her "every few weeks." Moreover, both L. and her mother testified that Gia lived in L.'s home during the relevant period. L.'s testimony sufficiently corroborates Gia's confession that he sexually assaulted L. on the dates charged in each of the five counts.
 
 
 15
 III. The District Court did not Err in Restricting Gia's Cross Examination of L.
 
 
 16
 Gia challenges the district court's refusal to allow him to question L. regarding her past sexual behavior. Gia argues that this refusal denied him his Sixth Amendment confrontation rights and that it was improper under Rule 412 of the Federal Rules of Evidence.
 
 A. Right to Confront Witnesses
 
 17
 Gia argues that the district court denied him the right to confront the witnesses against him when it refused to allow cross examination of L. regarding her past sexual behavior. We review de novo the alleged violation of Gia's Confrontation Clause rights. See United States v. George, 960 F.2d 97, 99 (9th Cir.1992). We conclude that Gia's right to confrontation was not violated.
 
 
 18
 The right to cross examine a witness is "implicit in the constitutional right of confrontation;" the right to cross examination, however, is not unlimited. Torres v. United States, 937 F.2d 1469, 1473 (9th Cir.1991), cert. denied, 112 S.Ct. 886 (1992). This court has indicated that "[t]rial judges retain wide latitude" regarding the Confrontation Clause "to impose reasonable limits on ... cross-examination based on concerns about, among other things, harassment, prejudice, confusion of the issues, the witness' safety, or interrogation that is repetitive or only marginally relevant." Id. (quoting Delaware v. Van Arsdall, 475 U.S. 673, 679 (1986)). Moreover, a defendant's cross examination of an adverse witness "is limited to issues relevant to the trial, and it is within the broad discretion of the trial court to determine which issues are relevant." Id. (citation omitted). Thus, the determination of whether the Confrontation Clause has been violated depends on the relevance and probative value of the proposed cross examination. U.S. v. Payne, 944 F.2d 1458, 1469 (9th Cir.1991), cert. denied, 112 S.Ct. 1598 (1992). Because Gia's proposed cross examination of L. had little if any probative value, we affirm the district court's decision not to allow it.
 
 
 19
 At trial, a doctor testified that L. was infected with trichomoniasis vaginalis, a venereal disease that can only be transmitted by insemination. L.'s mother also testified that she was treated for the same disease four months after she began having sexual relations with Gia. The victim's mother further testified that she had not had sexual relations with anyone but Gia during the year preceding the diagnosis of the disease. Gia does not contend that he was completely deprived of his Sixth Amendment right to confront the witness. Indeed, Gia cross examined L. at some length. His complaint is that he was unable to counter the inference raised by L.'s mother's testimony that Gia infected both L. and her mother. Gia sought to counter this inference by cross examining L. about her past sexual history.
 
 
 20
 In an effort to establish the relevance of his proposed cross examination, Gia's counsel argued that L.'s natural father was convicted of sexual abuse of one of his stepdaughters and that evidence existed that another adult male, Alfredo, had sexually abused L. The government countered, arguing that the proposed cross examination was irrelevant because the father has been in prison for six to seven years and because the alleged abuse by Alfredo only involved digital penetration of the victim's vulva, an act that could not cause L.'s infection. The district court did not allow the cross examination, concluding that the proposed testimony would have been irrelevant; Gia's counsel had offered no evidence whatsoever to support the contention that L. had sexual intercourse with anyone other than Gia.
 
 
 21
 Given the wide latitude that trial judges enjoy in the context of the Confrontation Clause to determine the relevancy of proposed cross examination, we cannot conclude that Gia was denied his Sixth Amendment confrontation rights. See Torres, 937 F.2d at 1473. Moreover, even were we to conclude that the district court did err, we are convinced beyond a reasonable doubt that the constitutional error was harmless. See Delaware v. Van Arsdall, 475 U.S. 673, 681 (1986). Here, the defense sought to cross examine the victim regarding two irrelevant incidents that had little if any probative value in determining from whom the victim contracted the disease.
 
 
 22
 We also reject Gia's contention that United States v. Begay, 937 F.2d 515 (10th Cir.1991), is dispositive in this case. The facts justifying reversal in Begay were much more compelling than the facts in this case. In Begay, the district court stated that the question of allowing the cross examination presented a "close question." Id. at 520. Begay argued that he had the right to cross examine the victim regarding her prior sexual history because evidence of injury to her hymen had been introduced to prove Begay's criminal conduct. Specifically, he wanted to question her regarding rapes for which the assailant had pleaded guilty; these rapes could have explained the victim's injured hymen. Id. at 521. The Tenth Circuit specifically found that the prior rapes were relevant. Id. at 522. The district court, however, found that the alleged assault by Alfredo and any possible molestation by L.'s father were irrelevant because they could not have caused L.'s infection. We agree with the district court.
 
 B. Exclusion of the Evidence under Rule 412
 
 23
 Gia also contends that the district court erred in excluding the cross examination of L. under Rule 412 of the Federal Rules of Evidence. We review factual determinations regarding the admissibility of evidence for an abuse of discretion. United States v. Wood, 943 F.2d 1048, 1055 n. 9 (9th Cir.1991). Rule 412 permits introduction of evidence about the "past sexual behavior" of a victim of a sexual offense in three limited circumstances, two of which are relevant in this case. First, evidence is admissible when constitutionally required. Torres, 937 F.2d at 1473. Second, evidence is admissible when it goes to the issue of the source of semen or injury and the district court determines that it is relevant and that its probative value outweighs the danger of unfair prejudice. Id.
 
 
 24
 We have already concluded that the Constitution does not require that Gia be allowed to question L. about her past sexual history. Assuming that Gia's proposed cross examination did concern the source of an injury, we have also concluded that it was irrelevant regarding that issue. Because neither Alfredo nor L.'s father could have caused L.'s injury--her infection--we hold that the proposed cross examination was not relevant; therefore, the district court did not abuse its discretion by refusing to permit it.
 
 
 25
 Accordingly, Gia's convictions are AFFIRMED.
 
 
 
 *
 The panel finds this case appropriate for submission without argument pursuant to Fed.R.App.P. 34(a) and 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3