**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Kenneth Charles ROWE, Defendant—Appellant.**

**No. 06–30034.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 14, 2006.

Filed Dec. 20, 2006.

Craig W. Haller, Esq., USGF–Office of the U.S. Attorney, Great Falls, MT, for Plaintiff–Appellee.

Evangelo Arvanetes, Esq., FDMT–Federal Defenders of Montana, Great Falls, MT, for Defendant–Appellant.

Before: FERGUSON, O'SCANNLAIN and FISHER, Circuit Judges.

## MEMORANDUM *

Kenneth Charles Rowe appeals his conviction for abusive sexual contact under 18 U.S.C. § 2244, contending that it violates the Double Jeopardy Clause because it is a lesser included offense of his conviction for aggravated sexual abuse under 18 U.S.C. § 2241(c) and therefore must be vacated.[1] Rowe also contests his conviction under 18 U.S.C. § 113(a)(7) for assault resulting in substantial bodily injury to a person under age 16, asserting that there was insuffi-

---

\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

1. In his opening brief, Rowe argues that the district court erred in failing to instruct the jury that it could not convict Rowe on both charges. In his reply brief, Rowe concedes that the district court was not required to so instruct the jury. *See United States v. Jose,* 425 F.3d 1237, 1247 (9th Cir.2005) ("Although '[a] jury is generally instructed not to return a verdict on a lesser included offense once it has found the defendant guilty of the greater offense,' it is entirely appropriate for a judge to instruct a jury to render a verdict on a greater offense and its lesser included predicates.") (quoting *Rutledge v. United States,* 517 U.S. 292, 306, 116 S.Ct. 1241, 134 L.Ed.2d 419 (1996)). We therefore address only Rowe's argument that the district court erred in failing to vacate one of his convictions.

cient evidence that his victim's injuries were "substantial." We disagree and affirm both convictions.

### I. Convictions for Abusive Sexual Contact and Aggravated Sexual Abuse

█ Because Rowe did not challenge his § 2244 conviction below, we review his claim for plain error. *See United States v. Freeman,* 6 F.3d 586, 600–01 (9th Cir. 1993); *see also United States v. Hernandez–Guardado,* 228 F.3d 1017, 1029 (9th Cir.2000).

In *United States v. Torres,* 937 F.2d 1469 (9th Cir.1991), we explained that "one offense is not 'necessarily included' in another unless the elements of the lesser offense are a subset of the elements of the charged offense." *Id.* at 1476 (citing *Schmuck v. United States,* 489 U.S. 705, 716, 109 S.Ct. 1443, 103 L.Ed.2d 734 (1989)); *see Blockburger v. United States,* 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932) (holding that two offenses are not the same if each requires proof of a fact that the other does not). A conviction for abusive sexual contact under 18 U.S.C. § 2244 necessarily involves "sexual contact," defined in 18 U.S.C. § 2246(3) as "the intentional touching, either directly or through the clothing, of the genitalia, anus, groin, breast, inner thigh, or buttocks of any person with an intent to abuse, humiliate, harass, degrade, or arouse or gratify the sexual desire of any person." A conviction for aggravated sexual abuse under 18 U.S.C. § 2241(c) is dependent on the performance of a "sexual act" as defined in four different ways by 18 U.S.C. § 2246(2):

(A) contact between the penis and the vulva or the penis and the anus, and for purposes of this subparagraph contact involving the penis occurs upon penetration, however, slight;

(B) contact between the mouth and the penis, the mouth and the vulva, or the mouth and the anus;

(C) the penetration, however slight, of the anal or genital opening of another by a hand or finger or by any object, with an intent to abuse, humiliate, harass, degrade, or arouse or gratify the sexual desire of any person; or

(D) the intentional touching, not through the clothing, of the genitalia of another person who has not attained the age of 16 years with an intent to abuse, humiliate, harass, degrade, or arouse or gratify the sexual desire of any person;

Abusive sexual contact under § 2244 is a lesser included offense of aggravated sexual abuse due to engaging in a sexual act as defined in § 2246(2)(C). *See Torres,* 937 F.2d at 1476 ("When the charged offense is aggravated sexual abuse by digital penetration under 18 U.S.C. § 2241(c), abusive sexual contact is a lesser-included offense."). All of the elements necessary to prove "abusive sexual contact" under § 2244—including the "intent to abuse, humiliate, harass, degrade, or arouse or gratify the sexual desire of any person"—are necessary to a conviction for aggravated sexual abuse by digital penetration, as defined in § 2246(2)(C), or by intentional touching of the genitalia of a person under age 16, as defined by § 2246(2)(D).

In the context of aggravated sexual abuse by penile penetration as defined in § 2246(2)(A), abusive sexual contact is not a lesser included offense of aggravated sexual abuse because the former "requires a specific intent not required for ... attempted aggravated sexual abuse [under § 2241]." *United States v. Sneezer,* 900 F.2d 177, 179 (9th Cir.1990); *see United States v. Garcia,* 7 F.3d 885, 891 (9th Cir.1993) ("[S]pecific intent is not one of the elements of aggravated sexual abuse where the abuse charged is penile as opposed to digital penetration.... [A]busive sexual contact in this context is not a

lesser-included offense of aggravated sexual abuse.").

Neither Rowe's indictment nor the jury's verdict specifies which definition of "sexual act" he was charged with or convicted of committing. If there is the possibility that a defendant committed a lesser-included offense, we examine the record to see if a rational jury could have convicted the defendant of only one of the allegedly multiplicitous crimes. *See Torres*, 937 F.2d at 1477 (concluding that because the defendant's defense was "wholly exculpatory," yet the jury returned a guilty verdict, there was no evidence presented which would have allowed the jury to conclude that the defendant committed the lesser offense, but not the greater offense).

Here, the jury was presented with two competing versions of events: (1) Rowe's assertion that he only "rubbed [the victim's] vagina with the back of [his] hand" for 30 to 45 seconds; and (2) the victim's statement that Rowe had "put his stick in [her] bottom" and had "hurt" in her "private parts," and her brother's testimony that he saw Rowe "humping" his sister. Because the jury convicted Rowe of causing the victim "substantial bodily harm," it is clear that the jury did not credit Rowe's testimony, and instead credited the version of events involving penile penetration. *Accord id.* (examining the jury's guilty verdict and concluding that the "jury necessarily credited [the victim's] testimony" and "rejected[ed] the defendant's exculpatory evidence that he had no sexual contact with the victim at all"). Thus, because the jury's verdicts are inconsistent with its having convicted Rowe under § 2246(2)(D)'s definition of a "sexual act" due to genital touching, and the competing version of events involves penile penetration, we hold that Rowe was convicted under § 2246(2)(A)'s definition of "sexual act" and therefore did not suffer a multiplicitous conviction.

## II. *Substantial Bodily Harm*

■ Rowe moved for acquittal on the charge of violating 18 U.S.C. § 113(a)(7) at the conclusion of the government's case, but did not renew his motion at the conclusion of the trial, so we review the district court's denial of his motion for plain error. *See United States v. Alvarez–Valenzuela*, 231 F.3d 1198, 1200–01 (9th Cir.2000). "Substantial bodily injury" is defined as "bodily injury which involves—(A) a temporary but substantial disfigurement; or (B) a temporary but substantial loss or impairment of the function of any bodily member, organ, or mental faculty." 18 U.S.C. § 113(b)(1). We hold that a reasonable factfinder could find that the victim's injuries—which included two small vaginal hemorrhages that caused bloody discharge for at least two days, anal lacerations and pain while urinating and defecating—were substantial as defined by the statute.

**AFFIRMED.**