**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Mark William HAMILTON,
Defendant–Appellant.**

No. 06–30454.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted June 8, 2007.

Filed June 21, 2007.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Office of the U.S. Attorney, Great Falls, MT, for Plaintiff–Appellee.

J. Mayo Ashley, Esq., Helena, MT, for Defendant–Appellant.

Before: B. FLETCHER and PREGERSON, Circuit Judges, and SELNA *, District Judge.

MEMORANDUM **

Defendant–Appellant Mark William Hamilton timely appeals his conviction following a jury trial for one count of aggravated sexual abuse, a violation of 18 U.S.C. §§ 1153(a) and 2241(c). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

The district court properly excluded testimony from a police officer who

* The Honorable James V. Selna, United States District Judge for the Central District of California, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

would have testified that the defendant's brother told the officer that the victim, a minor, had recanted her allegation that the defendant inappropriately touched her. The brother's statements to the officer were hearsay and did not fall under any enumerated hearsay exception. Hamilton's contention that the statements were admissible under Federal Rule of Evidence 807 because they had "circumstantial guarantees of trustworthiness" equivalent to those of the enumerated hearsay exceptions is meritless. Likewise, Hamilton's Confrontation Clause contention is meritless.

Even if the district court improperly applied Federal Rule of Evidence 412 to exclude the victim's statement to her doctor, its exclusion did not violate the Confrontation Clause because the statement's exclusion was neither "arbitrary" nor "disproportionate to the purposes [Rule 412 is] designed to serve," particularly as there was no evidence that the victim's prior accusation was false. *See United States v. Scheffer*, 523 U.S. 303, 308, 118 S.Ct. 1261, 140 L.Ed.2d 413 (1998) (quoting *Rock v. Arkansas*, 483 U.S. 44, 56, 107 S.Ct. 2704, 97 L.Ed.2d 37 (1987)); *see also Hughes v. Raines*, 641 F.2d 790, 792–93 (9th Cir.1981) (holding that exclusion of prior false accusations of rape did not violate the Confrontation Clause because the purposes justifying exclusion outweighed the evidence's probative worth). In light of the overwhelming evidence against Hamilton, if there was error, it was harmless.

Finally, the district court did not err by refusing a lesser included instruction for abusive sexual contact in violation of 18 U.S.C. § 2244(a)(5). To establish that Hamilton committed aggravated sexual abuse, the government had to prove

an element—contact "not through the clothing"—that the government would not have to prove to establish that Hamilton committed the lesser offense of abusive sexual contact. *Compare* 18 U.S.C. § 2246(2)(D) (requiring that any touching occur "not through the clothing") *with* 18 U.S.C. § 2246(3) (requiring that any touching occur either "directly" *or* "through the clothing"). Hamilton, however, has not presented evidence that any touching occurred through clothing. Thus, the jury could not rationally find that he committed the lesser offense without also finding that he committed the greater offense, aggravated sexual abuse under § 2241(c). *See United States v. Torres*, 937 F.2d 1469, 1476 (9th Cir.1991).

**AFFIRMED.**