

FILED

Jun 03 2020, 9:28 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Travis Neff
Warsaw, Indiana

ATTORNEY FOR APPELLEE

Myriam Serrano
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

David E. Killian,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff*

June 3, 2020

Court of Appeals Case No.
19A-CR-2628

Appeal from the
Kosciusko Superior Court

The Honorable
David C. Cates, Judge

Trial Court Cause No.
43D01-1807-F4-672

**Vaidik, Judge.**

# Case Summary

Under Indiana Rule of Evidence 412(b)(1)(A), the court in a criminal case involving alleged sexual misconduct may admit "evidence of specific instances of a victim's or witness's sexual behavior, if offered to prove that someone other than the defendant was the source of semen, injury, or other physical

evidence." Here, David E. Killian Sr. was charged with sexually abusing his teenaged granddaughter, and the State presented evidence that he had impregnated her in 2017. Killian wanted to present evidence that his son—his granddaughter's father—was convicted of sexual misconduct with a minor in 1994, arguing that the conviction for a similar crime establishes that his son could have been the "source" of the pregnancy. But Rule 412(b)(1)(A) does not allow for this speculation. It allows only evidence of sexual behavior that— itself—could have been the source of some physical evidence. Because the son's sexual misconduct with a minor over twenty years ago obviously could not have been the source of the pregnancy, the trial court properly excluded the evidence. We therefore affirm Killian's convictions.

# Facts and Procedural History

Killian is the grandfather of K.M. and the father of K.M.'s father, David Killian Jr. ("Father"). In August 2017, when K.M. was fourteen years old, she told Father that Killian had been sexually abusing her. According to K.M., the abuse occurred numerous times over four to five months and included sexual intercourse, oral sex, and fondling. Father reported K.M.'s allegations to police, and they opened an investigation. During the investigation, K.M. discovered she was pregnant. In January 2018, K.M. gave birth to a daughter, S.M. After S.M. was born, DNA samples from S.M., K.M., and Killian were tested, and the results showed that Killian's "probability of paternity is 99.9999 percent."

Tr. p. 95. The State then charged Killian with three counts of sexual misconduct with a minor, one as a Level 4 felony and two as a Level 5 felony.

[3] Shortly before trial, Killian moved to admit evidence under Evidence Rule 412. The court held a hearing on the motion on the first day of trial. Killian said he wanted to introduce evidence that Father was convicted of sexual misconduct with a minor in 1994. He explained that evidence that a person who is "genetically similar" to him has a prior conviction for "exactly what's been charged here . . . goes to the defense's theory of the case that someone other than the Defendant could be the source of the semen which caused the pregnancy which caused the DNA test." *Id.* at 10-11. The State objected, and the court denied Killian's motion. The jury found Killian guilty as charged, and the court sentenced him to seventeen years in the Department of Correction.

[4] Killian now appeals.

# Discussion and Decision

[5] Killian contends that the trial court should have allowed him to introduce evidence of Father's 1994 conviction for sexual misconduct with a minor under Evidence Rule 412. The admission of evidence is a matter of discretion for the trial court, so we review such decisions only for an abuse of discretion. *Beasley v. State*, 46 N.E.3d 1232, 1235 (Ind. 2016).

[6] Evidence Rule 412, which was amended in 2014 to correspond to the federal rule, provides, in relevant part:

(a)    Prohibited Uses. The following evidence is not admissible in a civil or criminal proceeding involving alleged sexual misconduct:

    (1)    evidence offered to prove that a victim or witness engaged in other sexual behavior; or

    (2)    evidence offered to prove a victim's or witness's sexual predisposition.

(b)    Exceptions.

    (1)    Criminal Cases. The court may admit the following evidence in a criminal case:

        (A)    evidence of specific instances of a victim's or witness's sexual behavior, if offered to prove that someone other than the defendant was the source of semen, injury, or other physical evidence;

        (B)    evidence of specific instances of a victim's or witness's sexual behavior with respect to the person accused of the sexual misconduct, if offered by the defendant to prove consent or if offered by the prosecutor; and

        (C)    evidence whose exclusion would violate the defendant's constitutional rights.[1]

---

[1] Federal Rule of Evidence 412 includes very similar language:

Killian argues that Father's conviction was admissible under subsection (b)(1)(A), which allows "evidence of specific instances of a victim's or witness's sexual behavior, if offered to prove that someone other than the defendant was the source of semen, injury, or other physical evidence." Specifically, he asserts that the conviction is evidence of a "specific instance" of sexual behavior by Father and that it "provides that someone other than David Killian Sr. was the source of the semen that impregnated K.M." Appellant's Br. p. 16. We disagree.

[7] The problem with Killian's argument is that Rule 412(b)(1)(A) only allows evidence of other sexual behavior that—itself—could have "produced" some physical evidence that is presented in the case. *Pribie v. State*, 46 N.E.3d 1241, 1248 (Ind. Ct. App. 2015), *trans. denied*; *see also United States v. Torres*, 937 F.2d 1469, 1473-74 (9th Cir. 1991) (holding that evidence of sexual contact in August 1988 was not admissible under Federal Rule of Evidence 412 because

---

(a) Prohibited Uses. The following evidence is not admissible in a civil or criminal proceeding involving alleged sexual misconduct:

    (1) evidence offered to prove that a victim engaged in other sexual behavior; or

    (2) evidence offered to prove a victim's sexual predisposition.

(b) Exceptions.

    (1) Criminal Cases. The court may admit the following evidence in a criminal case:

        (A) evidence of specific instances of a victim's sexual behavior, if offered to prove that someone other than the defendant was the source of semen, injury, or other physical evidence;

        (B) evidence of specific instances of a victim's sexual behavior with respect to the person accused of the sexual misconduct, if offered by the defendant to prove consent or if offered by the prosecutor; and

        (C) evidence whose exclusion would violate the defendant's constitutional rights.

that contact could not have been the source of semen found in underwear in February 1988); *United States v. Azure*, 845 F.2d 1503, 1505-06 (8th Cir. 1988) (holding that other sexual behavior was not admissible as an alternative source of a laceration under Federal Rule of Evidence 412 because there was no evidence that the behavior "occurred during the time the laceration was received"). The physical evidence at issue here is K.M.'s pregnancy (followed by the birth of S.M. and the DNA testing). Obviously, Father's sexual misconduct with a minor in the early 1990s could not have been the source of (i.e., could not have "produced") K.M.'s pregnancy in 2017. And Killian had no evidence that Father had ever had sex with K.M., let alone in 2017. He simply wanted the jury to speculate that because Father engaged in sexual misconduct with a different person in the past, he did so with his daughter over twenty years later. That is not the purpose of Rule 412(b)(1)(A). Accordingly, the trial court did not abuse its discretion by excluding the evidence.

[8] Affirmed.

May, J., and Robb, J., concur.