THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. BAXTER A. GREEN, Defendant-Appellant.

(No. 70-66;

Second District—November 30, 1970.

610

Edward F. Zahour, of Chicago, for appellant.

William V. Hopf, State's Attorney, of Wheaton, (Ralph J. Gust, Jr., Assistant State's Attorney, of counsel,) for the People.

Mr. JUSTICE THOMAS J. MORAN delivered the opinion of the court:

The defendant, Baxter A. Green, was indicted and tried by the court. The first three counts of the indictment charged, respectively, attempted rape, attempt to commit indecent liberties with a child and indecent liberties with a child. The fourth count charged battery. He was found guilty of all four counts and sentenced to five years probation, with the first year to be served at Vandalia. A motion for a new trial was denied, and this appeal follows.

The defendant contends that the State's evidence was insufficient to prove him guilty beyond a reasonable doubt; that the State erred in not attempting to introduce defendant's photographs taken by the police; that conviction on all crimes charged is improper because all arose from the same transaction; and that the sentence was excessive.

On December 13, 1968, the defendant had two places of employment, one as a police officer in McCook, Illinois (where he was employed on the 11:00 P.M. to 7:00 A.M. shift), and the other, during the day, as an operating engineer for a contractor. The defendant was married and the father of two daughters, but separated from his wife at the time of the occurrence herein.

On the day in question, he worked until approximately 11:00 A.M., and then proceeded to a tavern where his girlfriend, the mother of the victim, had been working. The girlfriend, who was also separated from her spouse, testified on his behalf that she served him between 20 and 25 drinks of brandy and beer and that he left at 5:30 P.M. to go to the

dentist. She met him at the dentist's office and then each drove their car to a tavern where they had three drinks apiece. They then drove their own cars to their separate homes. The girlfriend lived in Downers Grove, Illinois, where the occurrence took place, and defendant had been living in McCook, Illinois.

Later, the defendant left his home with his brother-in-law. The two men made a tour of the bars in the McCook area, lastly stopping at Sam's Hollow Tavern. The brother-in-law then drove the defendant to the apartment of the girlfriend. Defendant entered the apartment at 11:00 P.M., using his own key.

The prosecuting witness, a female child of 12 years, testified that the defendant entered the apartment while she was lying on the couch in her nightgown, watching television; that her mother was in bed in the bedroom next to the living room; that the defendant went to the kitchen and returned with a can of beer and sat next to her on the couch; that he then laid next to her and commenced kissing her on the ear; that she inquired as to why he struck her mother on a previous occasion; that an argument ensued and he demanded an apology; that she refused and he placed her over his knees and spanked her; that her mother came to the bedroom door and told the defendant to stop; that he then pushed her mother into the bedroom onto the bed; that he then ordered her into the bedroom and she complied; that he entered the bedroom while she and her mother were in bed, he completely undressed and entered the bed; that at this time she was on the side of the bed next to the wall, her mother in the middle and the defendant at the opposite side; the defendant then put his arm around both her mother and herself; he attempted to get into the middle position in bed and her mother tried to prevent his doing so; that at this time he was also attempting to lift up her nightgown; that he had one of his legs over both her mother and herself and was holding her from leaving the bed; that during this struggle, the mother was able to free herself from beneath him; that her mother fled the room; that defendant continued to struggle with her; he ripped her nightgown and pulled down her underpants; that during the struggle he slapped her on several occasions and placed his hands upon her private parts many times; that after a short period of time the police entered the bedroom. When the police arrived, the defendant was on top of the girl in a position to have sexual intercourse.

At trial the defendant testified that he had no recollection of any of the events taking place from the time he left Sam's Hollow Tavern until he found himself in jail. Defense witnesses testified that they had seen him at various bars prior to the occurrence. Their testimony was to the effect that the defendant was in a very intoxicated condition. The defendant's

chief of police and sergeant also testified that they visited the defendant in jail shortly after his arrest and they were both of the opinion that the defendant was intoxicated.

In direct conflict to this evidence, the State offered the testimony of six police officers who had occasion to observe and talk with the defendant at the scene of arrest and at the police station. Their testimony was to the effect that the defendant's breath had the odor of alcohol but that he was not intoxicated. They testified that his speech, walk and coherency were all normal.

The defendant's principle defense at trial and his contention on review is that, because of the degree of his intoxication, he did not have the specific intent necessary to commit the crimes charged in the first three counts nor the general intent necessary to commit the crime of battery.

■■ The element of specific intent may be inferred from the acts of assault as well as from words spoken during such assault. This element, like all other elements, may be gathered from the total factual situation. *People v. Cozzie* (1947), 397 Ill. 620, 621-622.

In *People v. Evrard* (1965), 55 Ill.App.2d 270, the court affirmed the defendant's conviction of indecent liberties with a child. There, as in the *Cozzie* case, the defendant contended he was so intoxicated he did not know what he was doing and therefore could not form the specific intent necessary. The court, in affirming the decision, relied on the *Cozzie* case, and refused to substitute its judgment for that of the trial court. At page 273-274 it was stated:

"* * * The record supports the finding of the trial court that the defendant's intoxication was not so great as to exclude his having the specific intent essential to the crime, and under such circumstances we will not substitute our judgment for that of the trial court."

■■ In the instant case, from a review of the entire record, we are of the opinion that the trial court was correct in finding the intent necessary for the crimes charged.

■■ The defendant claims that the State erred in not introducing photographs of himself which were taken by the police. Defendant's pretrial motion made no request for them nor, from a reading of the transcript of proceedings and the defendant's post trial motion, is any reference made to them. The first mention of photographs appears in the defendant's brief in this Court where it is stated that two photographs of the defendant were taken at the police station shortly after his confinement. It is now argued that the photos should have been marked for identification and presented by the prosecution so that the defendant could have been afforded an opportunity to either allow or object to their being introduced into evidence. The defendant does not argue that the photos

would be beneficial nor that the failure to produce them prejudiced his case, only that all available evidence at the disposal of the State should be produced. We find no merit to this contention.

The defendant contends that conviction and sentence was in error because all the charges arose out of the same transaction.

To convict a man of both the inchoate and principal offense is prohibited by section 8—5 of the Criminal Code (Ill. Rev. Stat. 1967, ch. 38, par. 8—5.) Committee Comments on this section state:

"* * * By virtue of the definition of 'conviction,' * * * prosecution may be had for both offenses in the same trial (by separate counts) or separately. But after proceeding finally to verdict of guilty on one or both, the judgment of conviction and sentence shall be entered on only one offense."

Later in the same Comments, in speaking of attempt, the Committee notes:

"* * * where on trial for the successful principal offense the defendant may be found guilty, convicted and punished for either the principal offense or the lesser included offense of attempt, but not for both * * *"

■■ The purpose of section 8—5 is to prevent multiple sentences being entered on both the principal and inchoate offenses regardless of whether they run consecutively or concurrently. In *People v. Ferrara* (1969), 111 Ill.App.2d 472, 470, we stated:

"* * * The prohibition is against sentencing a defendant for more than one offense resulting from the same conduct, as explored in the case defendant cites, *People v. Durant*, 105 Ill.App.2d 216, 245 NE 2d 41 (1969). Here defendant was given a single sentence."

■■ At the close of the evidence, the court found the defendant guilty and entered a judgment of conviction on all four counts charged. This was error as to the charge of attempt to commit indecent liberties with a child since it was the inchoate charge of the principal offense of committing indecent liberties with a child. This portion of the judgment must be reversed.

However, the record is clear that, at the end of the probation hearing and before sentencing, the court expressly stated that the crime being considered was that of indecent liberties with a child for which defendant could be sentenced to a minimum of four years in the penitentiary. It was at this time that the defendant was granted probation with the condition of serving one year in Vandalia. Although there were multiple findings of guilty, there was only one sentence given; thus, the prohibition against multiple sentencing for criminal acts which are from the same transaction has not been violated.

Finally, the defendant claims that the sentence imposed was excessive. He argues that he had no criminal record and the fact that he was a police officer prejudiced the court against him. The trial court, before granting probation, considered the facts surrounding the crime involved as well as the defendant's background for exemplary police service. It was because of these circumstances that probation was granted. By granting probation the court, in effect, reduced the minimum sentence (4 years) which it otherwise would have been compelled to impose. It is obvious then, that consideration of defendant's background did not work to his detriment but to his advantage.

The judgments of the trial court as to Counts I, III and IV are affirmed; the judgment as to Count II is reversed.

Judgments affirmed as to counts I, III and IV;

Judgment reversed as to count II.

DAVIS, P. J. and ABRAHAMSON, J., concur.