**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Ronald Stephen SNEEZER,
Defendant–Appellant.**

No. 88–1056.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Sept. 15, 1989.

Decided April 2, 1990.

As Corrected April 19, 1990.

---

Eugene A. Burdick, Phoenix, Ariz., for defendant-appellant.

William Allen Stooks, Asst. U.S. Atty., Phoenix, Ariz., for plaintiff-appellee.

Before CHAMBERS, CANBY, and NORRIS, Circuit Judges.

CANBY, Circuit Judge:

Ronald Stephen Sneezer appeals his conviction for attempted sexual abuse in violation of 18 U.S.C. §§ 1153 and 2242.[1] He contends that the district court erred in refusing to give requested jury instructions on the lesser included offense of abusive sexual contact and on the defense of voluntary intoxication.

We affirm the district court's refusal to instruct the jury on abusive sexual contact, but reverse its decision not to instruct on the defense of voluntary intoxication, and remand for a new trial.

## I. Background

Sneezer was indicted for aggravated sexual abuse, in violation of 18 U.S.C. §§ 1153 and 2241(a). At his jury trial, the following evidence was presented. Sneezer stopped a seventeen-year-old girl walking along a highway and forced her into his car. After driving a few miles, Sneezer stopped and took his victim to a spot about 150 feet off the highway. There Sneezer threatened her, threw her on the ground, removed most of his clothing and climbed on top of her. He pulled away her clothing, and touched and bit her breast. She managed to escape. There is no question that Sneezer was intoxicated during the incident.

At the close of evidence, the judge instructed the jury on attempted aggravated sexual abuse and attempted sexual abuse, but not on aggravated sexual abuse, the crime charged in the indictment. The judge refused Sneezer's requests for instructions on abusive sexual contact and on the defense of voluntary intoxication. Sneezer was convicted of attempted sexual abuse and sentenced to a prison term of five years.

## II. Lesser Included Offense

We review de novo the district court's refusal to instruct on a lesser included charge. *United States v. Komisaruk*, 885 F.2d 490, 497 (9th Cir.1989).

The district court did not err in refusing Sneezer's request for an instruction on abusive sexual contact under 18 U.S.C. § 2244, because abusive sexual contact requires an element not required for attempted aggravated and attempted simple sexual abuse. *See Schmuck v. United States*, — U.S. ——, 109 S.Ct. 1443, 1450, 103 L.Ed.2d 734 (1989) ("one offense is not 'necessarily included' in another unless the elements of the lesser offense are a subset of the elements of the charged offense"); Fed.R. Crim.P. 31(c).

Both attempted aggravated sexual abuse and attempted sexual abuse require proof of a knowing attempt to cause another person to engage in a "sexual act," defined in part as "contact between the penis and the vulva, ... involving ... penetration, however slight." 18 U.S.C. 2245(2)[2]; 18 U.S.C. §§ 2241, 2242. In contrast, abusive sexual contact requires proof of "sexual contact," defined as "the intentional touching, either directly or through the clothing, of the genitalia, anus, groin, breast, inner thigh, or buttocks of any person *with an*

1. Section 1153 provides federal jurisdiction over Sneezer because he is an Indian who allegedly committed an enumerated crime against an Indian while in Indian country. The events of the alleged crime occurred on the Navajo Indian Reservation near Tuba City, Arizona.

2. Under § 2245(2), "sexual act" means:
   (A) contact between the penis and the vulva or the penis and the anus, and for purposes of this subparagraph contact involving the penis occurs upon penetration, however slight;
   (B) contact between the mouth and the penis, the mouth and the vulva, or the mouth and the anus; or
   (C) the penetration, however slight, of the anal or genital opening of another by a hand or finger or by any object, with an intent to abuse, humiliate, harass, degrade, or arouse or gratify the sexual desire of any person ...

*intent* to abuse, humiliate, harass, degrade, or arouse or gratify the sexual desire of any person." 18 U.S.C. § 2245(3) (emphasis added); 18 U.S.C. § 2244. Thus, abusive sexual contact requires a specific intent not required for attempted sexual abuse and attempted aggravated sexual abuse. Therefore, abusive sexual contact is not a lesser included offense of those crimes. The district court did not err in refusing to instruct the jury on abusive sexual contact.

### III. Voluntary Intoxication Defense

▮ Sneezer also contends that the district court committed reversible error in refusing to instruct the jury on the defense of voluntary intoxication. We review de novo. *United States v. Jim*, 865 F.2d 211, 212 (9th Cir.), *cert. denied*, — U.S. —, 110 S.Ct. 93, 107 L.Ed.2d 58 (1989).

▮ The government concedes that Sneezer was intoxicated at the time of the incident. Voluntary intoxication may be a defense to a specific intent crime, but not a general intent crime. *See United States v. Jim*, 865 F.2d at 212; *United States v. Echeverry*, 759 F.2d 1451, 1454 (9th Cir. 1985). Thus, our question is whether the crime of attempted sexual abuse requires proof of specific intent for which voluntary intoxication may provide a defense.

▮ The crime of sexual abuse itself does not appear to include any element of specific intent. The portion of the statute relevant here simply provides that one who "knowingly" causes another person to engage in a sexual act by threat or fear is guilty of sexual abuse. 18 U.S.C. § 2242(1). Such language normally signifies a requirement of general, not specific, intent. *See, e.g., United States v. Udofot*, 711 F.2d 831, 835–36 (8th Cir.), *cert. denied*, 464 U.S. 896, 104 S.Ct. 245, 78

L.Ed.2d 234 (1983) (crime of knowingly shipping firearms without declaring them is not specific intent crime); *United States v. Davis*, 597 F.2d 1237, 1238–39 (9th Cir. 1979) (crime of knowingly importing merchandise without customs declaration does not require proof of specific intent to defraud). Consequently, if Sneezer had completed the crime of sexual abuse, his voluntary intoxication could not have provided a defense.

▮ Sneezer was convicted, however, of *attempted* sexual abuse. As we construe the law of our circuit, attempt includes an element of specific intent even if the crime attempted does not. In *United States v. Darby*, 857 F.2d 623 (9th Cir. 1988), we addressed the question whether a defendant who was on trial for attempted bank robbery was entitled to an instruction requiring the government to prove specific intent to rob the bank. We held that he was so entitled, even though our circuit law made it clear that the completed crime of bank robbery contained no such element of specific intent. "Bank robbery is a general intent crime requiring that a defendant take the money by force and violence or by intimidation. Attempted bank robbery requires the specific intent to to rob a bank." *Id.* at 626; *see also United States v. Still*, 850 F.2d 607, 609 (9th Cir.1988) (requiring proof of "culpable intent" for attempted bank robbery that went beyond any requirement of intent for completed bank robbery); *United States v. Buffington*, 815 F.2d 1292, 1301 (9th Cir.1987) (same); *United States v. Snell*, 627 F.2d 186, 187 (9th Cir.1980) (same), *cert. denied*, 450 U.S. 957, 101 S.Ct. 1416, 67 L.Ed.2d 382 (1981)[3]

The formulation of attempt in *Darby* is consistent with the classic legal definition. *See Wooldridge v. United States*, 237 F. 775, 779 (9th Cir.1916) ("In 1 Bishop's Crim-

---

3. The one exception to this circuit's line of authority regarding specific intent as an element of attempt is *United States v. Hartfield*, 513 F.2d 254, 259 (9th Cir.1975). *Hartfield* rejected a defense of voluntary intoxication to the crime of attempted bank robbery, simply noting that bank robbery was not a specific intent crime under the law of the circuit. There was no discussion of the possibility of a different intent requirement for an attempt. *Hartfield* was not followed in *Darby*, 857 F.2d at 625–26, and was not cited in *Still, Buffington* or *Snell*. We conclude that the rule of *Darby* and its predecessors requiring specific intent for attempt has "successfully posed as the law of the circuit" long enough for us to apply it here. *See Greenhow v. Secretary of Health & Human Servs*, 863 F.2d 633, 636 (9th Cir.1988).

inal Law, § 511, the author says; 'when we say that a man attempted to do a thing, we mean that he intended to do, specifically, it, and proceeded in a certain way in the doing. The intent in the mind covers the thing in full; the act covers it only in part'.... McClain on Criminal Law (1897), vol. 1, § 222,.... [holds] that, to constitute an attempt, there must be the intent to commit the crime ...)"); *see also* 1 Devitt & Blackmar, Federal Jury Practice and Instructions, § 14.21 (3rd ed. Supp.1988) (mental state of attempt is "the specific intent to do something the law forbids.").

Applying the rule of *Darby* to this case, we conclude that the crime of which Sneezer was convicted, attempted sexual abuse, required proof of specific intent to accomplish the acts that constitute the completed crime. Because specific intent was an essential element, Sneezer was entitled to an instruction on his defense of voluntary intoxication. *See Jim,* 865 F.2d at 212; *Echeverry,* 759 F.2d at 1454.

We confess that at first glance it seems strange to permit Sneezer a defense of voluntary intoxication for his attempt when he seemed so unequivocally committed to the completion of a crime for which his intoxication would not have been a defense.[4] It is important to emphasize, however, the specificity of the crime that Sneezer was convicted of attempting. "Sexual abuse" requires the performance of a "sexual act." 18 U.S.C. § 2242. "Sexual act" is narrowly confined to very specific acts of penetration or oral-genital contact. *See* note 2, *supra.* Whether any of these particular acts were intended by Sneezer is legitimately a subject of inquiry, since he did not complete them. Part of that inquiry is whether Sneezer was so intoxicated that he was incapable of forming that intent. On the evidence presented, Sneezer was entitled to have the latter

issue presented to the jury under a proper instruction. It is not enough that Sneezer may have intended *some* crime; in order to be convicted of attempted sexual abuse he must have intended to commit one of the acts that constituted that crime. *See Buffington,* 815 F.2d at 1302 (evidence of intent to rob bank was insufficient; "casing" behavior focused no more on bank than on other nearby institutions).

### IV.  Conclusion

Because attempted sexual abuse is a specific intent crime, the district court erred in refusing to instruct the jury with regard to Sneezer's defense of voluntary intoxication. Accordingly, we reverse the conviction and remand for a new trial.

**REVERSED AND REMANDED.**

---

**4.** The distinction between specific and general intent has been attacked on the ground, among others, that it leads to incongruous results like an intoxication defense for attempted rape but not completed rape. *State v. Stasio,* 78 N.J. 467, 396 A.2d 1129, 1133 (1979) *superseded by State v. Cameron,* 104 N.J. 42, 514 A.2d 1302 (1986). Nevertheless, voluntary intoxication is commonly recognized as a defense to attempted rape, if

the intoxication is so great that it precludes formation of the necessary intent. *See, e.g., Salahuddin v. State,* 492 N.E.2d 292 (Ind.1986); *State v. Boone,* 307 N.C. 198, 297 S.E.2d 585 (1982) (intoxication may be defense to attempted first degree rape, but not to first degree sexual act); *People v. Green,* 130 Ill.App.2d 609, 265 N.E.2d 184 (1970); *People v. Flores,* 267 Cal.App.2d 452, 73 Cal.Rptr. 118 (1968).