960 F.2d 150
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Herschel L. COFFELT, Defendant-Appellant.
 No. 91-5703.
 United States Court of Appeals, Sixth Circuit.
 April 17, 1992.
Order on Denial of Petition for Rehearing
July 16, 1992.
 
 On Appeal from the United States District Court for the Eastern District of Tennessee, No. 90-00098; Edgar, D.J.
 E.D.Tenn.
 AFFIRMED.
 Before DAVID A. NELSON and BOGGS, Circuit Judges, and WELLFORD, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 An unidentified DEA informant from Laredo, Texas, telephoned the defendant, Herschel Coffelt, concerning a potential drug transaction. During the telephone conversation, the informant introduced the defendant to Officer Martinez of the Laredo Police Department, who pretended to be a drug dealer. The government paid the informant $5,000 for his help and promised to pay an additional 20% of what was forfeited as a result of the conviction of defendant. Martinez attempted to convince the defendant to travel to Texas to consummate a drug deal involving 1000 pounds of marijuana. The defendant agreed to send "Dwight" to deliver the money and pick up the drugs in Dallas, but the deal never materialized.
 
 
 2
 Martinez telephoned the defendant a few days later when he was unable to contact the intermediary. The defendant explained "Dwight's" absence and offered to pay $100.00 more per pound for marijuana if Martinez would deliver the drugs to him in southeastern Tennessee. Defendant sought to purchase 375 pounds of marijuana in the first shipment. During a later conversation, the defendant confirmed to Martinez that he had $300,000 for the purchase of the first shipment of marijuana. Martinez told the defendant that he would arrive in Tennessee the next day with the marijuana. The government recorded these two conversations and introduced them at trial.
 
 
 3
 After arriving in Chattanooga, Martinez telephoned the defendant to tell him where to deliver the money. The defendant agreed to meet with Martinez to discuss how to proceed with the delivery and payment. Martinez suggested that the defendant pick up the marijuana and take it to his farm. Coffelt refused, stating that he was on parole from a previous drug conviction. After some discussion, Martinez agreed to deliver the drugs to the defendant's farm. Martinez recorded this conversation, and the government also played the tape at trial as part of its case-in-chief.
 
 
 4
 Martinez arrived at Coffelt's farm where the defendant produced $300,000 which had been buried in old ammunition cases. Officers then approached to arrest defendant, who attempted to escape. The following indictment resulted:
 
 
 5
 The Grand Jury charges that on or about July 25, 1990, in the Eastern District of Tennessee, Herschel Leon Coffelt knowingly, intentionally, and without authority, did attempt to possess, with the intent to distribute, approximately 400 pounds of marijuana, a Schedule I controlled substance; all in violation of 21 United States Code, Section 846.
 
 
 6
 At the ensuing trial, Officer Martinez and another law enforcement officer testified for the government and presented the taped conversations. The defendant did not take the stand.
 
 
 7
 We discuss the issues raised in defendant's brief: (1) reference to Coffelt's parole status; (2) sufficiency of the indictment; (3) jury instruction on entrapment; (4) inadequacy of notice under 21 U.S.C. § 851; and (5) failure to hold a hearing on the validity of a prior conviction and Coffelt's alleged status as a career offender.
 
 I. PAROLE STATUS
 
 8
 At trial, Officer Martinez twice referred to the defendant's parole status, and the government played a tape in which the defendant expressed fears about driving the drug-filled van because he was on parole. In a motion in limine, the defendant had attempted to exclude this evidence. The district judge allowed the evidence because he deemed intent to be an element of the offense. He held that defendant's parole status was admissible to prove intentional participation in the drug transaction. The district judge gave a limiting instruction, however, under Fed.R.Evid. 404, which admonished that the defendant's prior bad acts were admissible "only for the purpose of determining the Defendant's motive, opportunity, intent, or absence of mistake or accident, if any, with respect to acts which are the subject of the charges in this case." The defendant asserts, under Fed.R.Evid. §§ 403 and 404(b), that even with the limiting instruction, the district court erred by allowing any reference to his parole status.
 
 
 9
 This court reviews a trial court's evidentiary decisions under the abuse of discretion standard. United States v. Wolak, 923 F.2d 1193, 1195 (6th Cir.), cert. denied, --- U.S. ----, 111 S.Ct. 2824 (1991). Although the government may not introduce prior bad acts testimony "to prove the character of a person in order to show action in conformity therewith," it may offer such evidence for other purposes, such as proving defendant's intent or motive. Fed.R.Evid. 404(b). When the government offered the evidence in question, the district judge did not know whether the defendant would, in fact, pursue an entrapment defense. Defendant concedes that if "the trial judge allowed [him] to pursue his entrapment defense, [he] arguably could have been said to have placed his intent in issue." Under the circumstances, Judge Edgar did not abuse his discretion because he could not have known at the time that defendant would abandon an entrapment defense.
 
 
 10
 The defendant argues, however, that intent was irrelevant, citing United States v. Manganellis, 864 F.2d 528 (7th Cir.1988). (21 U.S.C. § 841 is a general intent crime, not a specific intent crime). Coffelt's argument is not persuasive because he was convicted under 21 U.S.C. § 846, a statute that criminalizes "attempts" and "conspiracies," which are typically classified as specific intent crimes. See United States v. Sneezer, 900 F.2d 177, 179 (9th Cir.1990).
 
 
 11
 In United States v. Blakeney, 942 F.2d 1001, 1018 (6th Cir.), cert. denied, --- U.S. ----, 112 S.Ct. 646 (1991), we stated that Rule 404(b) is a rule of inclusion, not exclusion, and that the list of proper purposes is illustrative, rather than exhaustive. We conclude that the district court did not abuse its discretion in admitting this evidence.
 
 II. SUFFICIENCY OF THE INDICTMENT
 
 12
 We have set out the indictment in this case. Coffelt contends that it was error to deny his motion to dismiss because the indictment "did not state sufficiently an underlying substantive statutory offense." We find that the indictment does sufficiently "contain[ ] the elements of the offense intended to be charged." Russell v. United States, 369 U.S. 749, 763 (1962). It also, in our view, considering this issue de novo, "sufficiently apprises the defendant of what he must be prepared to meet," and protects as well from any danger of double jeopardy. Id. at 763-64. The indictment contains language from 21 U.S.C. § 841, and lack of citation to that code section is not prejudicial under the circumstances. See United States v. Piccolo, 723 F.2d 1234, 1238 (6th Cir.1983), cert. denied, 466 U.S. 970 (1984); United States v. Groff, 643 F.2d 396, 402 (6th Cir.), cert. denied, 454 U.S. 828 (1981); United States v. West, 562 F.2d 375, 379 (6th Cir.1977), cert. denied, 435 U.S. 922 (1978).
 
 
 13
 We find no error in the denial of the motion to dismiss the indictment.
 
 III. JURY INSTRUCTION ON ENTRAPMENT
 
 14
 At the final pretrial conference, the district judge was unsure whether the defendant would present an entrapment defense. During trial, the defendant's counsel did not mention entrapment in his opening statement, and the prosecutor noted in his closing remarks that the defendant did not raise entrapment as a defense. Although the defendant had offered a proposed jury instruction on entrapment some two months prior to trial, he did not ask the judge to give the instruction either at the pretrial conference or at the sentencing conference. When the judge instructed the jury, leaving out the entrapment instruction, the defendant did not object.
 
 
 15
 The defendant has waived his right to complain about the lack of an entrapment instruction because he failed to request the instruction at the charge conference and he failed to object to the charge given. See Fed.R.Crim.P. 30 ("No party may assign as error any portion of the charge or omission therefrom unless that party objects thereto before the jury retires to consider its verdict, stating distinctly the matter to which that party objects and the grounds of the objection."). We find also that failure to give an entrapment instruction did not amount to plain error under Fed.R.Crim.P. 52(b). Plain error exists when "the jury instructions were so clearly erroneous as to likely produce a grave miscarriage of justice." Piccolo, 723 F.2d at 1241.
 
 
 16
 The lack of an entrapment instruction, accordingly, does not constitute error as contended by Coffelt.
 
 IV. NOTICE UNDER 21 U.S.C. SECTION 851
 
 17
 The defendant argues that the district court lacked jurisdiction to sentence him under the enhancement statute, 21 U.S.C. § 851, because the government did not comply with the strict notice requirements of the statute. See United States v. Williams, 899 F.2d 1526, 1529 (6th Cir. 1990). In its enhancement notice to the defendant, the government incorrectly cited 21 U.S.C. § 841, instead of 21 U.S.C. § 851: "[the government gives] notice of its intent to seek enhanced punishment under 21 U.S.C. § 841 (b) by reason of defendant's prior drug related felony convictions." The incorrect statutory citation is the sole error alleged by the defendant with respect to the notice of enhancement.
 
 
 18
 What we have stated in the discussion concerning adequacy of the indictment applies to this argument of the defendant. The notice, although it contained a miscitation, gave defendant full knowledge that "enhanced punishment" would be sought based on "prior drug related felony convictions." Groff and West support the district court's enhancement despite the incorrect listing of code section 851. We, therefore, find no merit in this contention.
 
 
 19
 V. FAILURE TO HOLD A HEARING ON THE CHALLENGE TO A PRIOR
 
 FELONY CONVICTION
 
 20
 The defendant alleges that the district court erred by failing to hold an evidentiary hearing to determine whether one of the defendant's prior convictions, which was counted for purposes of classifying him as a career offender, was unconstitutional under Boykin v. Alabama, 395 U.S. 238 (1969). The district judge reviewed the state court transcript and expressed doubts about the defendant's argument, but failed to hold an evidentiary hearing or formally rule on the matter.
 
 
 21
 There is no case law in this circuit that allows defendants to make a collateral attack on a state court conviction during a sentencing hearing, and we will not require the sentencing judge to hold such a hearing in this case. The record indicates that the trial judge read the transcript of the state court proceedings and concluded that the state judge complied with Boykin's requirements. The defendant's trial counsel conceded to the district court judge, "in all candor, all the Boykin versus Alabama rights are covered in that transcript."
 
 
 22
 The district court did not err in refusing to hold a hearing on an issue that it could determine from the record had no merit.
 
 
 23
 Finding no merit in any of the bases urged for reversal, we AFFIRM the conviction and the sentence imposed.
 
 ORDER
 
 24
 July 16, 1992.
 
 
 25
 The court having received a petition for rehearing en banc, and the petition having been circulated not only to the original panel members but also to all other active judges of this court, and no judge of this court having requested a vote on the suggestion for rehearing en banc, the petition for rehearing has been referred to the original hearing panel.
 
 
 26
 One of the bases for a rehearing concerned the failure to identify an informant, and the district court's refusal to hold a hearing on this issue. The defendant particularly complains about the court's failure to conduct an in camera examination of the informant to determine whether his identification or production was required to ensure the defendant a fair trial. We discuss this issue as part VI in augmenting the original opinion, but we deny the motion for a new trial for the reasons stated herein and in the original per curiam disposition of this appeal.
 
 VI. IDENTITY OF INFORMANT
 
 27
 Defendant moved to require information about identity of the informant utilized by the government. Defense counsel stated that "in unrecorded conversations, the unidentified informant (who counsel has reason to believe is from Laredo, Texas) entrapped the defendant." Here the basic claim was that identification would assist in an entrapment defense. As noted, however, the defendant, who had a previous drug-related criminal history, did not pursue entrapment at trial. The district court conducted an in camera ingerview with officer Martinez but not with the informant. Defendant alleges that this constituted reversible error.
 
 
 28
 Roviaro v. United States, 353 U.S. 53 (1957), indicates taht the government may withhold the identity of persons furnishing information about criminal conduct. the obvious purpose is to encourage citizens to communicate with law enforcement officials about crimes of which they have knowledge. If, however, in accordance with due process concerns, "disclosure of an informer's identity, of of the contents of his communication . . . is essential to a fair determination of a cause, the privilege [of anonymity] must give way." Id. at 60-61 (footnote omitted). The defendant and his attorney believed that they had certain information about the informant, but they wanted to know more about his role in the negotiations resulting in delivery of contraband to defendant's farm.
 
 
 29
 We are satisfied, as apparently was the district court, that the informant's degree of participation, if any, in the drug transaction at issue was minimal. The informant did not have any part in the agreement between Martinez and Coffelt to ship the marijuana, set the price, or transport the contraband, nor was he present during the final delivery. We find no prejudicial error, under these circumstances, in the court's refusal to conduct an in camera hearing with the informant, or in denying the motion to require his identification. See United States v. Whitley, 734 F.2d 1129, 1138 (6th Cir. 1984). We recognize that in some circumstances an in camera interview of an informant may be appropriate but the absence of evidence of entrapment in this record distinguishes this case from such a situation. See United States v. Sharp, 778 F.2d 1182, 1187 (6th Cir. 1985), cert. denied, 475 U.S. 1030 (1986). This was not a case where the informant's information or role in the offense was "essential" or "critical" to defendant's case. See Roviaro, 353 U.S. at 60-61; Branzburg v. Hayes, 408 U.S. 665, 698 (1972). We find no abuse of discretion in the district court's action in this regard.
 
 
 30
 The panel concludes that the other issues raised in the petition were fully considered upon the original submission and decision of the case. We, accordingly, deny the petition for a rehearing.