**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**Timothy Eugene HEICK, Defendant—Appellant.**

**No. 05–30242.**

United States Court of Appeals,
Ninth Circuit.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Submitted March 6, 2006.*

Decided March 8, 2006.

Joshua A. Van De Wetering, Esq., USMI—Office of the U.S. Attorney, Missoula, MT, for Plaintiff–Appellee.

Edmund F. Sheehy, Jr., Esq., Helena, MT, for Defendant–Appellant.

Before: O'SCANNLAIN, SILVERMAN, and GOULD, Circuit Judges.

MEMORANDUM **

Defendant Timothy Eugene Heick appeals his jury conviction of conspiracy to possess methamphetamine with intent to distribute and of attempted possession of methamphetamine with intent to distribute. He raises four claims on appeal, none

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

of which was raised below. Thus, the record is reviewed for plain error. *See United States v. Barragan,* 263 F.3d 919, 922 (9th Cir.2001). Because none of the four claims presents plain error, we affirm the convictions.

■ First, Heick challenges the sufficiency of the evidence to establish a conspiracy between him and co-defendant James Vaughn Norbury. Because Heick failed to preserve this claim below, the review is deferential, requiring reversal only upon plain error or "to prevent a manifest injustice." *United States v. Delgado,* 357 F.3d 1061, 1068 (9th Cir.2004) (citation omitted). Given evidence that Heick had made arrangements with the government informant over the phone to purchase drugs to sell and then accompanied Norbury to meet with the informant, a rational juror could have found beyond a reasonable doubt that Heick conspired with Norbury to possess methamphetamine with the intent to sell.

■ Second, Heick challenges the sufficiency of the evidence that he was not entrapped. In reviewing a jury determination that a defendant was not entrapped, we "defer to the credibility findings made by the trial jury, unless viewing the evidence in the light most favorable to the government, no reasonable jury could have concluded that the defendant was neither induced nor predisposed to commit the charged offenses." *United States v. Si,* 343 F.3d 1116, 1125 (9th Cir.2003) (internal quotation and citation omitted). While it is true that the government informant initiated contact with Heick, there is no evidence of Heick's reluctance to enter into and participate in the scheme. Rather, the record supports the conclusion that he was a willing participant who lived up to his reputation as Norbury's contact person for setting up drug deals. The entrapment defense is of little use where the

defendant's "ready commission of the criminal act amply demonstrates the defendant's predisposition." *Jacobson v. United States,* 503 U.S. 540, 550, 112 S.Ct. 1535, 118 L.Ed.2d 174 (1992) (citation omitted).

■ Third, Heick challenges the failure of the district court to include a specific reference to the entrapment defense in the instruction regarding attempt, although it was included in the conspiracy instruction. This omission does not constitute plain error because the standard entrapment instruction was given in full.

■ Finally, Heick challenges the failure of the district court to instruct the jury that attempt required the element of specific intent, which he defines as an intent to break the law. This argument is without merit. Heick points to no authority requiring an attempt instruction to include that definition of specific intent. The specific intent required for attempt is simply the "intent to accomplish the acts that constitute the completed crime." *United States v. Sneezer,* 900 F.2d 177, 180 (9th Cir.1990); *see also United States v. Martinez–Martinez,* 369 F.3d 1076, 1083 (9th Cir.2004), *cert. denied,* 543 U.S. 1013, 125 S.Ct. 637, 160 L.Ed.2d 480 (2004). Here, the jury was instructed to find whether Heick "intended to possess at least 500 grams of a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, with the intent to deliver it to another person"—in other words, whether he intended to commit the crime. On its face, the instruction is not erroneous.

**AFFIRMED.**