*This opinion is subject to revision before publication*

# UNITED STATES COURT OF APPEALS
## FOR THE ARMED FORCES

———————————

## UNITED STATES
Appellee

**v.**

## Michael J. GONZALES, Specialist
United States Army, Appellant

### No. 18-0347
Crim. App. No. 20130849

Argued April 23, 2019—Decided June 7, 2019

Military Judge: Jacob Bashore (on rehearing)

For Appellant: *Captain Steven J. Dray* (argued); *Colonel Elizabeth G. Marotta, Lieutenant Colonel Christopher D. Carrier, Lieutenant Colonel Tiffany D. Pond*, and *Major Julie L. Borchers* (on brief); Captain Zachary A. Szilagyi.

For Appellee: *Major Jeremy S. Watford* (argued); *Colonel Steven P. Haight* and *Lieutenant Colonel Eric K. Stafford* (on brief); *Lieutenant Colonel Wayne H. Williams* and *Major Virginia H. Tinsley.*

Judge MAGGS delivered the opinion of the Court, in which Chief Judge STUCKY, and Judges RYAN, OHLSON, and SPARKS, joined.

———————————

Judge MAGGS delivered the opinion of the Court.

We granted review in this case to decide the assigned issue of "[w]hether aggravated sexual contact of a child is a lesser included offense of rape of a child," as the two offenses are defined in the version of Article 120, Uniform Code of Military Justice (UCMJ), in force from October 1, 2007, through June 27, 2012.[1] Applying the elements test de-

---

[1] *See* Article 120(b), UCMJ, 10 U.S.C. § 920(b) (2006 & Supp. IV) (rape of child); *id.* Article 120(g), UCMJ, § 920(g) (defining aggravated sexual contact with a child). These statutory provisions are reprinted in the *Manual for Courts-Martial, United States*, Punitive Articles Applicable to Sexual Offenses Committed During the Period 1 October 2007 Through 27 June 2012 app. 21 at A21-1, A21-2 (2019 ed.) (*MCM*). Article 120, UCMJ, has since been amended.

scribed in *United States v. Jones*, 68 M.J. 465 (C.A.A.F. 2010), we conclude that the former offense is not a lesser included offense of the latter. We nonetheless affirm the findings and sentence in this case under a plain error standard of review because we conclude that the error was not clear and obvious.

## I. Background

A military judge sitting as a general court-martial convicted Appellant, contrary to his pleas, of one specification of aggravated sexual contact with a child, one specification of aggravated sexual abuse of a child, one specification of indecent liberty with a child, and one specification of child endangerment in violation of Articles 120 and 134, UCMJ, 10 U.S.C. §§ 920, 934 (2006 & Supp. IV).[2] The military judge sentenced Appellant to be reduced to the grade of E-1, to forfeit all pay and allowances, to be confined for twenty-two years, and to be discharged from the service with a dishonorable discharge. The convening authority approved the findings and the sentence. Appellant received 1,274 days of credit against the sentence to confinement.

The specification at issue in this case alleged that Appellant committed rape when he "did, at or near Fort Hood, Texas, between on or about 22 April 2010, and on or about 12 April 2011, engage in a sexual act, to wit: penetrating, with his penis, the vulva of Miss [AP], a child who had not attained the age of 12 years." Appellant and AP had formerly lived in the same household. AP testified that when she was three years old, Appellant had inappropriately touched her when she was taking a shower by placing his penis on her "front private part," a term which meant her vagina.

---

[2] A general court-martial previously had convicted Appellant, contrary to his pleas, of two specifications of rape of a child, two specifications of aggravated sexual abuse of a child, and two specifications of child endangerment, in violation of Articles 120 and 134, UCMJ, 10 U.S.C. §§ 920, 934 (2006 & Supp. IV). But the United States Army Court of Criminal Appeals (ACCA) set aside the findings and sentence and authorized a rehearing in light of *United States v. Hills*, 75 M.J. 350 (C.A.A.F. 2015). *United States v. Gonzales*, No. ARMY 20130849, 2017 CCA LEXIS 128, 2017 WL 825279 (A. Ct. Crim. App. Feb. 22, 2017). This appeal concerns the rehearing.

Trial counsel asked AP: "Did his penis go inside of your front private, even if just a little bit." AP answered, "No."

The military judge found Appellant not guilty of rape of a child but guilty of what the military judge deemed to be the lesser included offense of aggravated sexual contact with a child. The Government and Appellant had not previously asked the military judge to consider lesser included offenses, nor had the military judge discussed lesser included offenses with counsel. Following the military judge's announcement of his findings, Appellant did not object to the finding or ask the military judge to reconsider the finding. The convening authority approved the findings and sentence, and the ACCA summarily affirmed. *United States v. Gonzales*, No. ARMY 20130849, slip op. at 1 (A. Ct. Crim. App. June 25, 2018) (unpublished). On appeal to this Court, Appellant asks us to vacate the military judge's finding that he is guilty of aggravated sexual contact with a child on grounds that this offense is not a lesser included offense of rape of a child.

## II. Standard of Review

Whether one offense is a lesser included offense of another offense is a question of law. *United States v. Girouard*, 70 M.J. 5, 9 (C.A.A.F. 2011). When an appellant has preserved an objection to a finding of guilty to a lesser included offense, we review the objection de novo. *See id.* But when an appellant has forfeited such an objection, and raises it for the first time on appeal, we review the issue only for plain error. *United States v. Armstrong*, 77 M.J. 465, 469 (C.A.A.F. 2018).

In this case, Appellant argues that the Court should review his objection de novo because the military judge did not give him an opportunity to preserve his objection. As explained above, the military judge found Appellant guilty of aggravated sexual contact with a child without first asking counsel whether that offense was a lesser included offense of rape of a child. The Government responds that Appellant could have asked the military judge to reconsider his finding and argues that, by failing to do so, Appellant forfeited his objection. We agree with the Government.

Because the military judge did not ask the parties for their views on lesser included offenses before deliberating,

Appellant could have objected immediately after the military judge announced his finding that Appellant was guilty of aggravated sexual contact with a child. Such an objection would not have been futile because Rule for Courts-Martial (R.C.M.) 924(c) provides that: "[i]n trial by military judge alone, the military judge may reconsider any finding of guilty at any time before announcement of sentence."[3] Analogous precedent establishes that Appellant forfeited the issue by not objecting. In *United States v. Treat*, 73 M.J. 331, 335 (C.A.A.F. 2014), a military judge found the accused guilty of an offense by exceptions and substitutions without first discussing that possibility with the parties. The accused did not object at the time, but on appeal argued that the exceptions and substitutions created a fatal variance. *Id.* We reviewed the military judge's finding for plain error because the accused failed to object at trial. *Id.* The same principle applies in this case and requires us to apply the plain error standard of review.

### III. Plain Error Review

Under plain error review, Appellant has the burden of demonstrating that: "(1) there was error, (2) the error was [clear] and obvious, and (3) the error materially prejudiced a substantial right of the accused." *United States v. Jones*, 78 M.J. 37, 44 (C.A.A.F. 2018) (citation omitted). For this Court to grant relief under this test, "all three prongs must be satisfied." *United States v. Gomez*, 76 M.J. 76, 79 (C.A.A.F. 2017) (internal quotation marks omitted) (quoting *United States v. Bungert*, 62 M.J. 346, 348 (C.A.A.F. 2006)). In this case, we determine that there was an error but that the error was not clear and obvious. Appellant therefore cannot prevail.

#### A. Whether There Was an Error

At the time of trial, Article 79, UCMJ, 10 U.S.C. § 879 (2012), authorized a court-martial to find the accused "guilty

---

[3] The trial occurred in June, July, and August 2017. We note that the President has slightly revised the text of R.C.M. 924(c) in the *MCM* (2019 ed.). *See* Exec. Order No. 13,825, 83 Fed. Reg. 9889 (Mar. 1, 2018) (effective Jan. 1, 2019).

of an offense necessarily included in the offense charged."[4]
The "elements test" determines whether an offense is neces-
sarily included in the offense charged. *Jones*, 68 M.J. at 472.
In *Armstrong*, we explained that we had applied the ele-
ments test in two ways:

> The first way is by comparing the statutory defini-
> tions of the two offenses. An offense is a lesser in-
> cluded offense of the charged offense if each of its
> elements is necessarily also an element of the
> charged offense. *See, e.g., United States v. Gaskins*,
> 72 M.J. 225, 235 (C.A.A.F. 2013) . . .; *MCM* pt. IV,
> para. 3.b.(1) (2012 ed.). The second way is by exam-
> ining the specification of the charged offense. An of-
> fense can also be a lesser included offense of the
> charged offense if the specification of the charged
> offense is drafted in such a manner that it alleges
> facts that necessarily satisfy all the elements of
> each offense. *See, e.g., United States v. Arriaga*, 70
> M.J. 51, 55 (C.A.A.F. 2011) . . .; *United States v.
> Riggins*, 75 M.J. 78, 85 n.7 (C.A.A.F. 2016).

77 M.J. at 469–70.

As in *Armstrong,* we begin with the statutory definitions.
The applicable version of Article 120, UCMJ, defines rape of
a child as follows: "Any person subject to this chapter who—
(1) engages in a sexual act with a child who has not attained
the age of 12 years; . . . is guilty of rape of a child and shall
be punished as a court-martial may direct." 10 U.S.C.
§ 920(b) (2006 & Supp. IV). "Sexual act" means, in relevant
part, "contact between the penis and the vulva, and for pur-
poses of this subparagraph contact involving the penis oc-
curs upon penetration, however slight." *Id.* § 920(t)(1)(A).
Article 120, UCMJ, does not expressly identify the mens rea
for rape, but we have held that the mens rea for rape is a

---

[4] Article 79(b), UCMJ, now authorizes a court-martial to find
the accused guilty not only of "an offense that is necessarily in-
cluded in the offense charged" but also "any lesser included of-
fense so designated by regulation prescribed by the President."
National Defense Authorization Act for Fiscal Year 2017, Pub. L.
No. 114-328, § 5402, 130 Stat. 2000, 2939 (2016) (codified at 10
U.S.C. § 879(b)); *cf. Jones*, 68 M.J. at 471. We have not yet had
occasion to interpret this amended provision.

general intent to commit the sexual act. *United States v. McDonald*, __ M.J. __ (6) (C.A.A.F. 2019).

In contrast, at the time of the offense, Article 120, UCMJ, defined aggravated sexual contact with a child as follows: "Any person subject to this chapter who engages in or causes sexual contact with or by another person, if to do so would violate subsection (b) (rape of a child) had the sexual contact been a sexual act, is guilty of aggravated sexual contact with a child and shall be punished as a court-martial may direct." 10 U.S.C. § 120(g) (2006 & Supp. IV). "Sexual contact" means, in relevant part, "the intentional touching . . . of the genitalia . . . of another person . . . with an intent to abuse, humiliate, or degrade any person or to arouse or gratify the sexual desire of any person." *Id.* § 920(t)(2).

Citing these definitions, Appellant argues that the elements test is not satisfied because the offense of aggravated sexual contact with a child includes a specific intent that the offense of rape does not, namely, the specific intent "to abuse, humiliate, or degrade any person or to arouse or gratify the sexual desire of any person." The Government acknowledges that the definition of rape does not expressly include this specific intent but argues that this difference should not matter. The Government reasons that as a practical matter, anyone who commits a rape of a child would have the specific intent required for committing aggravated sexual contact with a child. In the Government's words, "a sexual intent is inherent in the very act of penile penetration of the vulva."

The Courts of Criminal Appeals have disagreed about whether the general intent offenses of rape and sexual assault are inherently committed with the same specific intent necessary for sexual contact offenses. The ACCA concluded in *United States v. Wagner*, No. ARMY 20111064, 2013 CCA LEXIS 573, at *30, 2013 WL 3946239, at *10 (A. Ct. Crim. App. July 29, 2013), that wrongful sexual contact is a lesser included offense of aggravated sexual assault. The court recognized that the former offense requires a specific "intent to abuse, humiliate, or degrade any person or to arouse or gratify the sexual desire of any person" while the latter offense requires only a general intent. *Id.* at *7, 2013 WL 3946239, at *7. But the court reasoned that this difference did not

matter because "it is beyond cavil that every penile-vaginal penetration includes a corresponding sexual intent." *Id.* at *30, 2013 WL 3946239, at *8. In contrast, the United States Air Force Court of Criminal Appeals (AFCCA) concluded in *United States v. Lyson*, No. ACM 38067, 2013 CCA LEXIS 816, *37−38, 2013 WL 5436639, at *10−11 (A.F. Ct. Crim. App. Sept. 16, 2013), that the specific intent required for abusive sexual contact prevents that offense from being a lesser included offense of aggravated sexual assault.

The issue also has divided the United States Courts of Appeals in cases concerning federal statutes similar to Article 120, UCMJ. In *United States v. Demarrias*, 876 F.2d 674, 676−77 (8th Cir. 1989), the United States Court of Appeals for the Eighth Circuit held that abusive sexual contact in violation of 18 U.S.C. § 2244(a)(1) and (3) is a lesser included offense of aggravated sexual abuse and sexual abuse of a minor in violation of 18 U.S.C. § 2241(a) and § 2243(a). The court recognized that abusive sexual contact requires a specific intent "to abuse, humiliate, harass, degrade, or arouse or gratify the sexual desire of any person," while aggravated sexual abuse and sexual abuse of a minor are general intent crimes. *Id.* at 676 & n.3. But the court held that "one who engages in [the acts described by those latter offenses] inherently intends to do so for sexual purposes." *Id.* at 676. In contrast, in *United States v. Hourihan*, 66 F.3d 458, 465 (2d Cir. 1995), the United States Court of Appeals for the Second Circuit held that abusive sexual contact is not a lesser included offense of aggravated sexual abuse because the latter does not require a specific intent "to abuse, humiliate, harass, degrade, or arouse or gratify the sexual desire of any person." *See United States v. Castillo*, 140 F.3d 874, 886−87 (10th Cir. 1998) ("Because section 2244 contains a specific intent element that section 2242 and 2243 do not have, the crime of abusive sexual contact is not a lesser included offense of the crime of sexual abuse."); *see also United States v. Sneezer*, 900 F.2d 177, 178−79 (9th Cir. 1990).

We recognize that, in most instances, a person who commits conduct that would constitute rape of a child would act with a specific intent "to abuse, humiliate, or degrade any person or to arouse or gratify the sexual desire of any person." But in our view, this likelihood is not enough to make

aggravated sexual contact a lesser included offense of rape of a child. We reach this conclusion for two reasons.

First, the United States Supreme Court held in *Schmuck v. United States*, 489 U.S. 705, 720 (1989), that the elements test requires "a textual comparison of criminal statutes," explaining that such an approach leads to "certain and predictable" outcomes. The Supreme Court rejected an alternative "inherent relationship" test, which would ask whether "proof of the greater offense can generally be expected to require proof of the lesser offense." *Id.* at 709. In this case, we think the Government's approach relies more on generalities with respect to likely proof than on a limited textual comparison of statutory definitions.

In *Carter v. United States*, 530 U.S. 255, 260−62 (2000), the Supreme Court applied *Schmuck* in deciding whether a specific intent offense could be a lesser included offense of a general intent offense. In that case, one provision of a statute created an offense of taking property or money from a bank by force or violence, without expressly addressing the required mens rea. 18 U.S.C. § 2113(a). Another provision of the same statute created an offense of taking property or money from a bank with a specific intent "to steal or purloin." *Id.* § 2113(b). The Supreme Court read the former provision to require proof of a general intent, much as we have done with the crime of rape. *Carter*, 530 U.S. at 268. The Supreme Court then concluded that the latter offense was not a lesser included offense because it required a specific intent rather than a general intent.[5] *Id.* at 274. *Carter* is indistinguishable from this case.

Second, at least one counter example disproves the Government's argument that every rape of a child necessarily

---

[5] The Supreme Court in *Carter* considered but rejected several arguments for interpreting § 2113(a) as implicitly requiring the same specific intent that § 2113(b) requires. The rejected arguments relied on the canon against interpreting statutes to have an absurd meaning, 530 U.S. at 263, the canon on imputing common law meaning to statutory terms, *id.* at 264, the presumption in favor of scienter in criminal statutes, *id.* at 267−68, and the legislative history of the provisions, *id.* at 270−71. The Government has not contended that any of similar arguments would require a different result in this case.

must be done with the specific intent required for aggravated sexual contact with a child. *Id.* at 271 (using an example to illustrate how § 2113(a) could be violated without violating § 2113(b)). Specifically, a voluntarily intoxicated person could commit the offense of rape of a child without necessarily committing the offense of aggravated sexual contact with a child. We have held that voluntary intoxication cannot prevent the formation of the general intent to commit rape. *United States v. Brown*, 43 M.J. 187, 189 (C.A.A.F. 1995). But voluntary intoxication might prevent a person from forming the specific intent required for a sexual contact offense under Article 120, UCMJ. *See, e.g., United States v. Claxton*, No. ACM 38188, 2013 CCA LEXIS 1045, at *10−11, 2013 WL 6913102, at *3 (A.F. Ct. Crim. App. Dec. 17, 2013) (holding that the military judge erred in not providing a voluntary intoxication instruction because "wrongful sexual contact is a specific-intent crime and evidence of the appellant's voluntary intoxication could theoretically raise a reasonable doubt as to whether the appellant had this specific intent when he placed [the victim's] hand on his penis"); *see also* R.C.M. 916(l)(2) ("voluntary intoxication may be introduced for the purpose of raising a reasonable doubt as to the existence of . . . specific intent"). For these reasons, we conclude that aggravated sexual contact with a child is not "an offense necessarily included in the offense" of rape of a child under Article 79, UCMJ.

Finally, as in *Armstrong*, we must consider whether the specification of the charged offense in this case was drafted in such a manner that it alleges facts that necessarily satisfy all the elements of the purported lesser offense. 77 M.J. at 472. The specification at issue, as quoted above, alleged that Appellant did "engage in a sexual act, to wit: penetrating, with his penis, the vulva of Miss [AP], a child who had not attained the age of 12 years." The Government argues that the wording of this specification encompasses the elements of aggravated sexual contact of a child because "it would have been impossible for appellant to penetrate AP's vulva with his penis, without first touching her genitalia with his penis, possessing the same sexual intent which would accompany the act of penetration." The problem with this argument, however, is that it again assumes that every act of

penile penetration of the vulva is accompanied by a specific sexual intent. As we have explained above, this assumption is not necessarily correct. We thus disagree with the Government's argument.

### B. Whether the Error Was Clear and Obvious

Having determined that the military judge erred in finding Appellant guilty of aggravated sexual contact with a child, we now must determine whether the error was clear and obvious. While the terms clear or obvious do not have any special definition, the Supreme Court has distinguished clear and obvious errors from errors that are "subject to reasonable dispute." *United States v. Marcus*, 560 U.S. 258, 262 (2010) (internal quotation marks omitted) (quoting *Puckett v. United States*, 556 U.S. 129, 135 (2009)); *see United States v. Salinas*, 480 F.3d 750, 759 (5th Cir. 2007) ("Because this circuit's law remains unsettled and the other federal circuits have reached divergent conclusions on this [relevant] issue . . . [appellant] cannot satisfy the second prong of the plain error test—that the error be clear under existing law."); *see also United States v. Thompson*, 82 F.3d 849, 856 (9th Cir. 1996). We think that the foregoing analysis has shown that the assigned issue in this case was subject to reasonable doubt both at the time of trial and on appeal.

As described above, the AFCCA and the ACCA had reached conflicting conclusions on the question whether a person who commits a rape will necessarily act with the specific intent required for a sexual contact. The United States Courts of Appeals have reached a similar disagreement over an analogous federal statute. In addition, at the time of trial, the 2008 edition of the *MCM* incorrectly identified aggravated sexual contact with a child as a lesser included offense of rape of a child. *MCM* pt. IV, para. 45.d.(1)(a) & 45.d.(2)(a) (2008 ed.). Although we have held that the *MCM*'s listing of lesser included offenses is not controlling, *see Jones*, 68 M.J. at 471, an error in the *MCM* is a factor in determining whether an issue is subject to reasonable doubt. These considerations prevent us from characterizing the military judge's error as clear and obvious.

This case is distinguishable from our recent decision in *Armstrong*. In *Armstrong*, we held it was a clear and obvious

error to conclude that assault consummated by a battery was a lesser included offense of abusive sexual contact by bodily harm. 77 M.J. at 472−73. We reasoned that the issue involved a straightforward application of the elements test and that the case was similar to other cases in which we had applied the elements test in a similar way. *Id.* In contrast to the present case, we did not identify any conflicting precedent on the issue. Finally, the applicable version of the *MCM* in *Armstrong* did not identify the lesser included offenses for abusive sexual contact. *Id.* at 473 n.10. Thus in *Armstrong*, unlike in this case, the *MCM* did not contribute to doubt about the issue.

## C. Whether the Error Caused Prejudice

Under the plain error standard of review, as noted above, we can address a forfeited issue only if we determine that there was an error, the error was clear and obvious, and that the error prejudiced the appellant. Because we conclude that any error in this case was not clear and obvious, we need not reach the question of prejudice.

## IV. Judgment

The judgment of the United States Army Court of Criminal Appeals is affirmed.